Argued January 8; affirmed January 28, 1941

# HICKEY *v.* CITY OF PORTLAND ET AL.

(109 P. (2d) 594)

Before KELLY, Chief Justice, and RAND, BELT, BAILEY and LUSK, Associate Justices.

*Herbert A. Cooke,* of Portland (Leroy Lomax, of Portland, on the brief), for appellant.

*Alexander G. Brown,* of Portland (L. E. Latourette, of Portland, on the brief), for respondents.

KELLY, C. J. This is a proceeding for a declaratory judgment under Oregon Code 1930, sections 2-1401, et seq. The plaintiff seeks a decree interpreting and determining the construction and meaning of ordinance No. 70,240 of the defendant, The City of Portland, as amended by ordinance No. 71,092 of said defendant city.

The ordinances, above mentioned, among other things, create two parking meter districts, and provide for the installation and maintenance of parking meters on each side of the streets and avenues situated in the parking meter districts so created.

It is also provided in said ordinances that—

"When any motor vehicle shall be parked in any place along side of or next to which there is located a parking meter, the owner, operator, manager or driver of such motor vehicle shall, upon entering the said parking space, immediately deposit a five cent coin of the United States in the parking meter along side of or next to said parking space and perform any mechanical act required by the directions posted on said parking meter, and the said parking space shall then be used by such motor vehicle during the parking limit provided by section 55-5 of this ordinance for the part of the street or avenue in which said parking space is located. If said motor vehicle shall remain parked in any such parking space beyond the parking

limit fixed by said section 55-5 for such parking space, the parking meter shall display a sign showing illegal parking, and in that event such motor vehicle shall be considered as parked overtime beyond the said period of time, and the parking of an automobile overtime or beyond the period of time fixed by section 55-5 of this ordinance in any such part of the street or avenue where any such parking meter is located shall be a violation of this ordinance and punishable as hereinafter provided. It shall be unlawful for any person to cause, allow, permit or suffer any such motor vehicle registered in his name to be parked overtime beyond the lawful period of time as in this ordinance provided.''

Paragraph VI of plaintiff's complaint, as amended by stipulation, is as follows:

''That the plaintiff herein was, prior to the institution of this suit, and now is, the owner and in possession of, a mechanical device designated by him as the 'Kar-Tell' parking meter and which said mechanical device was and now is installed upon an automobile belonging to plaintiff. That said mechanical device, so owned and being operated by the plaintiff, is in good condition and working order and is accurate, dependable and is installed upon plaintiff's automobile in such a manner that the same can not easily be tampered with and also in such a manner that the same may be easily inspected and regulated for efficiency and accuracy at any time and, in general is a device which plaintiff believes and therefore alleges, is as dependable, accurate and as easily inspected and maintained in good working condition as the meters now installed upon the streets and avenues of the City of Portland, Oregon, under and by virtue of the provisions of the city ordinance above mentioned and in all respects is the equal of the parking meters now in use in so far as the purpose for which the presently installed parking meters are intended, save and except that no coin, token or other object need be inserted in the said meter owned by the plaintiff herein and installed upon

his said automobile but is entirely automatic in its operation.''

Paragraph VII of plaintiff's complaint is as follows:

''That under the terms and conditions of the said city ordinance plaintiff can not ascertain with definite certainty after an examination thereof as to whether or not the said city ordinance will permit the use of any other parking meter or metering device designed solely to indicate the length of time during which a motor vehicle occupies the space designated therefor upon the streets of Portland, Oregon, according to the zone or district in which said motor vehicle is parked, and plaintiff is uncertain as to the effect upon him and his property in the event he should prefer to use and rely upon his own personal parking meter rather than to insert a coin into and use and rely upon the parking meter provided by the City Council of the City of Portland, and plaintiff therefore alleges that he is entitled to have the said city ordinance examined by this court and construed and interpreted so that he may determine with certainty whether or not he is entitled to use and rely upon the said parking meter belonging to him and now installed upon his said automobile and for a declaratory judgment under the Uniform Declaratory Act as provided under Chapt. 14, Ore. Laws for 1930, Vol. I, and Amendments thereto.''

The trial court sustained a demurrer to plaintiff's complaint. Plaintiff thereafter filed an amended complaint, which was stricken from the file upon the ground that said amended complaint was merely a restatement of the original complaint. Plaintiff failed to plead further; and appeals from the ensuing order and decree of dismissal.

The determinative question is whether a justiciable question is presented by plaintiff's complaint.

■■ To invoke the extraordinary statutory relief sought herein there must be an actual controversy exist-

ing between adverse parties. We have no constitutional provision in Oregon granting authority to the courts to render advisory opinions. In the absence of such constitutional authority courts cannot render valid advisory opinions: *Oregon Creamery Manufacturers Association et al. v. White et al.*, 159 Or. 99, 78 P. (2d) 572.

■ In the instant case, plaintiff alleges that he cannot ascertain with definite certainty whether or not he may use, rely upon and operate the parking meter installed upon his automobile and that he is uncertain as to this status in view of the said city ordinance and as to the effect upon him and his property.

There is no allegation in the complaint that the ordinance in question is either invalid or ambiguous. On oral argument, plaintiff conceded that it was neither.

We think that plaintiff has not alleged sufficient facts to show that there is a controversy involving a justiciable question. At most, plaintiff's complaint seeks merely an advisory opinion.

■ Section 2-1402, Oregon Code 1930, as amended by Oregon Laws 1931, chapter 8, and by Oregon Laws 1933, chapter 14, is as follows:

"Persons Entitled to Obtain Determination and Construction Instruments Subject to Construction. Any person interested in a deed, will, written contract or other writings, constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

This section of the statute must be construed in the light of the constitutional limitation above suggested.

The opinion in *West v. The City of Witchita; Weigand v. The City of Witchita*; and *Ware v. The City of Witchita*, 118 Kans. 265, 234 P. 978, tried together and cited by plaintiff, supports the principle that the statute relating to declaratory judgments is available to a litigant only in cases of actual controversy.

On page 47, Borchard on Declaratory Judgments, cited by plaintiff, the case of *Liberty Warehouse v. Grannis*, 273 U. S. 70, 71 L. Ed. 541, 47 S. Ct. 282, is mentioned. The same doctrine is applied in that case. The case of *Pierce v. Society of Sisters*, 268 U. S. 510, 45 S. Ct. 571, 69 L. Ed. 1070, 39 A. L. R. 468, also cited by plaintiff is not based upon the statute relating to declaratory judgments. In that case, the statute attacked was alleged to be unconstitutional and the courts held it to be invalid for that reason. In the instant case, as stated, no such contention is made concerning the ordinance in suit.

In *Little v. Smith*, 124 Kan. 237, 257 P. 959, 57 A. L. R. 100, also cited by plaintiff, it was conceded that there was an actual controversy between the parties. The act of the Kansas legislature was alleged to be, and the courts held it to be, unconstitutional.

In *Tirrell v. Johnston*, 86 N. H. 530, 171 A. 641, also cited by plaintiff, the constitutionality of a gasoline road toll was raised first by bill for injunction against the attorney general and state treasurer and then by amendment invoking the declaratory judgment act form of remedy. The defendants answered admitting the purpose to prosecute plaintiff and denying that the statute was unconstitutional. Clearly a justiciable controversy was shown.

*Hess v. Country Club Park*, 213 Cal. 613, 2 P. (2d) 782, also cited by plaintiff, was an action to quiet title and annul building restrictions on plaintiff's prop-

erty. The court denied equitable relief but applied the declaratory judgment statute to the facts in the case. The owner of a tract of land claimed that certain restrictive covenants and conditions contained in his title deeds were no longer enforceable because of a change in the character of the neighborhood. The original grantor and the owners of other lots in the tract claimed, on the contrary, that the covenants and conditions were still enforceable; that they constituted easements upon the lot in question and that their violation would be ground for injunctive relief and the forfeiture of the lot owners' title. This case therefore also presented a justiciable controversy.

*Nashville, C. & St. Louis Ry. v. Wallace*, 288 U. S. 249, 77 L. Ed. 730, 53 S. Ct. 345, 87 A. L. R. 1191, also cited by plaintiff, holds that:

"The states are left free to regulate their own judicial procedure. Hence changes merely in the form or method of procedure by which federal rights are brought to final adjudication in the state courts are not enough to preclude review of the adjudication by this Court, *so long as the case retains the essentials of an adversary proceeding, involving a real, not a hypothetical controversy,* which is finally determined by the judgment below." (Italics supplied.)

There the statute assailed by appellant was one imposing a privilege tax upon persons and corporations engaged in or carrying on the business of selling, storing or distributing gasoline. This tax was assailed both on the ground that it was imposed upon the gasoline while still a subject of interstate commerce, in the course of the transportation from points of origin to points outside the state of Tennessee, and on the ground that it was in effect a tax upon the use of gasoline in appellant's business as an interstate carrier, and was thus an unconstitutional burden on interstate com-

merce. Clearly, here a justiciable controversy was presented.

The case of *Hamilton v. Rudeen*, 112 Or. 268, 224 P. 92, also cited by plaintiff, comprises two suits to enjoin the county commissioners of Multnomah county from making or entering an order proclaiming the incorporation of the Rockwood Water District as a municipal corporation and to restrain others, who claim to have been elected as commissioners of said district, from doing any act for or in the name of said district. The validity of the proceeding, upon which the proposed incorporation was based, was directly challenged and it was also urged and the court found that some of the land proposed to be included in the Rockwood Water District had sufficient water thereupon, or in close proximity thereto, for all purposes; and that the inclusion of such land would be in violation of the provision of the statute: Section 56-2717, Oregon Code 1930.

The case of *Liberty Warehouse Co. v. Grannis*, supra, also cited by plaintiff, holds directly that the district court has no jurisdiction of petition for declaratory judgment where no justiciable controversy is presented.

The foregoing review of authorities, cited by plaintiff, is made in support of our view that it is a jurisdictional prerequisite in cases of this character that the petition disclose a justiciable controversy.

Where the validity of an ordinance is conceded, and it is also conceded that such ordinance is not ambiguous, the allegation that plaintiff is uncertain as to his rights and duties thereunder does not present a justiciable controversy.

The decree of the circuit court is affirmed.