Argued September 10, reversed with instructions
November 24, 1965

CUMMINGS CONSTRUCTION COMPANY ET AL
*v.* SCHOOL DISTRICT NO. 9, COOS
COUNTY ET AL

408 P. 2d 80

*Hugh L. Barzee,* Portland, argued the cause for appellants. On the briefs were Barzee, Leedy & Tassock, Portland, and Flaxel, Todd & Flaxel, North Bend.

*J. B. Bedingfield,* Coos Bay, argued the cause for respondents. On the brief were Bedingfield, Grant & Bedingfield, Coos Bay.

Before McAllister, Chief Justice, and Perry, Denecke, Lusk and Schwab, Justices.

PERRY, J.

This is an action for a declaratory judgment (ORS 28.010 to ORS 28.160) construing the provisions of ORS ch 332, particularly ORS 332.285. The trial court construed these provisions in favor of defendants and entered a judgment to that effect. Plaintiffs have appealed.

The facts disclose that defendant, School District No. 9, Coos County, Oregon, is a school district of the first class. This defendant commenced construction of and has completed and put in use a school building, Millicoma Junior High School, which cost in excess of $2000.

In the construction of this school building defendant did not let the entire project as a single construction contract, but instead acted as its own general contractor. As general contractor, defendant let specific jobs by contract via sealed bids, purchased certain materials through the bidding process, employed certain workmen to work on the project without asking for bids, and purchased certain materials and services, which in gross amounted to $7,640.97, without asking for bids.

Some of the employees used by defendant had been previously employed by defendant for work on other school buildings. Others were hired out of the Union Hiring Hall and had not been previously employed by defendant.

Plaintiffs have no quarrel with the quality of construction or the way in which the contracts were let as to favoritism, fraud, etc. There is no "evidence of any kind that the work could have been done better, quicker, or cheaper by a general contractor. There is no evidence or claim of any loss whatsoever to the taxpayers of the District." Plaintiffs are general construction contractors doing business throughout the state of Oregon. One is a taxpayer of defendant school district. None of the plaintiffs made or filed any bid with the defendants for any part of the work constructing the school building in question.

The parties stipulated in the trial court that a justiciable controversy existed.

The dispute in the instant case then is essentially over whether school districts can act as their own general contractors in the construction of school buildings.

Plaintiffs contend that, pursuant to ORS 332.285, a first class school district must advertise and call for bids from general contractors for the entire building project when it is constructing school buildings which cost in excess of $2000.

■■ The only loss plaintiffs can claim is as general contractors on the basis they did not have an opportunity to submit a bid on the school construction project. There is no evidence of any present plans of the defendant to construct any new school building or to act as its own general contractor in doing so. Therefore, the parties are requesting this court to interpret ORS 332.285 for future application in the event the defendant should decide to construct a new school building.

ORS 28.020 provides:

"Any person * * * whose rights, status or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under any such * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

Despite this statute, courts do not have jurisdiction to entertain a declaratory judgment action requesting the interpretation of a statute or a declaration of one's rights thereunder unless there is a "justiciable controversy" between the parties. *Oregon Cry. Mfgs. Ass'n*

*v. White*, 159 Or 99, 78 P2d 572; *Sherod v. Aitchison*, 71 Or 446, 142 P 351. Neither can the parties confer jurisdiction upon the courts by stipulation in the absence of a justiciable controversy. *Danforth v. City of Yankton*, 71 SD 406, 25 NW2d 50; *State, ex rel v. State Highway Comm.*, 163 Kan 187, 182 P2d 127.

■ Courts will not give mere advisory opinions on moot questions. It has been said that,

"* * * A justiciable controversy is distinguished from a difference or dispute of a hypothetical or abstract character; from one that is abstract or moot. The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Portland Web Pressmen's Union v. Oregonian Pub. Co.*, 188 F Supp 859, 864 (DC Or 1960), aff'd 286 F2d 4, cert. den. 366 US 912, 81 S Ct 1086, 6 L Ed2d 237. See also, *Parks v. Francis*, 202 SW2d 683, 686 (Ct. of Civ App Tex).

■ The plaintiffs in the instant case fail to show they are entitled to declaratory judgment relief because they can point to no existing state of facts which give them present legal rights against the defendant, or an existing state of facts which threatens their legal rights.

To be entitled to a declaratory judgment:

"* * * Plaintiff must present a state of facts from which he has *present* legal rights against those he names as defendants with respect to which he may be entitled to some consequential relief immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should

not be forced into litigation which can have no possible final result in favor of plaintiff." *State ex rel Chilcutt v. Thatch,* 359 Mo 122, 129, 221 SW2d 172, 176. (Emphasis added.)

"* * * The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to the rights has happened, or, in other words, *until rights have become fixed under an existing state of facts." State ex rel LaFollette v. Dammann,* 220 Wis 17, 23, 264 NW 627, 629. (Emphasis added.)

(Court refused to settle dispute between Governor and Secretary of State concerning validity of ad interim appointments filling vacancies in public offices before appointments were actually made.)

"As to when an actual controversy is ripe for declaratory relief, we find in Borchard on Declaratory Judgments (2d ed) p. 56, this statement of the rule: 'In general, it may be said that the facts on which a legal decision is demanded must have accrued, for the principle of a declaratory judgment is that it declares the existing law on an *existing state of facts.* The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—and the prejudice to his position must be actual and genuine and not merely possible and remote.' " *City of Nashville v. Snow,* 204 Ga 371, 377, 49 SE2d 808. (Emphasis added.)

The case of *City of Fairfax v. Shanklin,* 205 Va 227, 135 SE2d 773, is fairly illustrative of the above stated principles. There plaintiff sought a declaratory judgment declaring certain sections of the city's zoning ordinance invalid as they purported to confer upon the board of zoning appeals authority to issue special use permits for construction of apartments in the city. By the time the case had reached the Supreme Court the petition pending before the board of zoning appeals

had been considered and denied. The plaintiff admitted that "* * * No specific case regarding apartment usage within the city is involved in this cause." The court refused a declaration of rights because of lack of justiciable controversy. The following observations were made:

> "The reason for these rules is that the courts are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative. 205 Va 227, 229, 135 SE2d 773, 775.
>
> "* * * * *
>
> "Too much is here left to speculation. The board may never again be called upon to act regarding an application for a special use permit for apartments. Or, if someone does apply, and the plaintiff opposes the application, the board may decide the case in the plaintiff's favor. Or, if the board grants such a permit, the apartments may be in a location in the city which would not aggrieve the plaintiff. 205 Va 227, 231, 135 SE2d 776.
>
> "Since there was '[n]o specific case regarding apartment usage within the city * * * involved in this cause, plaintiff's case had to depend, of necessity, upon future or speculative facts, that is to say, that a special use permit might, someday, be granted by the board which might aggrieve the plaintiff. Under these circumstances, the motion for declaratory judgment, upon its face, merely sought an advisory opinion, or a decision upon a moot question, or answer to a speculative inquiry.' 205 Va 227, 231, 135 SE2d 776.
>
> "The situation presented here is nothing more than a difference of opinion between a taxpayer and his government. 'A controversy is not created by taking a position and then challenging the government to dispute it.' " 205 Va 227, 231, 135 SE2d 777.

■ The plaintiffs urged in oral argument that, although no justiciable controversy exists, there is sufficient public interest in having ORS ch 332 interpreted now to warrant the court taking jurisdiction to decide this case despite the absence of a justiciable controversy.

"The rule that the courts will not consider a case in the absence of a justiciable, actual, or bona fide controversy * * * is subject to the exception in cases wherein the question involved is of great public interest. Then the rule requiring the existence of a justiciable controversy is not followed, or is relaxed. It seems that the courts have assumed that they possess inherent power to give a declaratory judgment as to matters of public concern." 1 Anderson, Declaratory Judgments 126, § 63.

The plaintiffs argue that great public interest is involved because should an actual controversy arise by reason of some school district attempting to construct a school building, as did School District No. 9, then the bringing of a declaratory judgment action asking injunctive relief would necessitate delay of the building project.

This situation may never recur again. The legislature may in the meantime spell out specifically its intention in regard to this act, or otherwise amend or repeal it. Also, such a program may never again be undertaken by a school district.

The court's time should not be consumed in deciding cases that are advisory only and may have no future application. We, therefore, reverse the judgment of the trial court with instructions to dismiss plaintiff's suit.