MITCHELL BROS. TRUCK LINES,
*Respondent,*
*v.*
LEXINGTON INSURANCE COMPANY,
*Appellant.*

(No. A7609-13844, SC 25520)

598 P2d 294

John R. Dudrey, of Frederickson, Weisensee & Cox, Portland, argued the cause for appellant. With him on the briefs were David N. Lackey and Floyd A. Fredrickson, Portland.

Edward H. Warren, of Acker, Underwood, Beers Smith & Warren, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Bryson,* and Linde, Justices.

DENECKE, C. J.

━━━━━━

*Bryson, J., retired April 1, 1979.

.

## DENECKE, C. J.

The defendant, Lexington Insurance Company, insured personal property of the plaintiff, Mitchell Bros. Truck Lines, as evidenced by a policy labeled "special floater policy." Rex Roberts filed a complaint against Mitchell alleging Roberts had stored machinery with Mitchell and Mitchell failed to redeliver some of the machinery. Mitchell sent the claim to Lexington who replied that it had no duty to defend or pay any judgment Roberts might secure. Mitchell filed this declaratory judgment proceeding to determine its rights under the policy. The trial court, sitting without a jury, held Lexington had no duty to defend, but did have a duty to pay any judgment Roberts might secure against Mitchell. Lexington appealed. We reverse.

The policy primarily was to insure Mitchell for loss or damage to its own property. The policy also covered Mitchell's "legal liability for, real and personal property (other than motor vehicles) of others in the Assured's custody, actual or constructive."

The principal contention by Lexington at trial and on oral argument in this court was that the case did not present a justiciable controversy which could be decided in a declaratory judgment proceeding. We agree with this contention.

The Oregon Declaratory Judgment statutes do not expressly require that there be a justiciable or actual controversy. ORS Chapter 28. However, this court, as well as other courts, has required that there be a justiciable or actual controversy. *Oregon Medical Assn. v. Rawls,* 276 Or 1101, 1107, 557 P2d 664 (1977); *Hale v. Fireman's Fund Ins. Co.,* 209 Or 99, 302 P2d 1010 (1956); 1 Anderson, Actions for Declaratory Judgments § 15 (1951).

We have frequently dismissed declaratory judgment proceedings upon the ground that the proceeding presented no justiciable controversy. *Oregon Cry. Mfgrs. Ass'n. v. White,* 159 Or 99, 78 P2d 572 (1938);

[219]

*Hickey v. City of Portland,* 165 Or 594, 109 P2d 594 (1941); *Hale v. Fireman's Fund Ins. Co., supra,* (209 Or 99); *Oregon Medical Assn. v. Rawls, supra,* (276 Or 1101). In the *Hale* case above cited we dismissed a declaratory judgment proceeding seeking to secure a declaration on insurance coverage.

The requirement of a justiciable or actual controversy is necessarily a vague standard. In *Hale v. Fireman's Fund Ins. Co., supra,* (209 Or at 103), we defined a justiciable controversy as one "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In *Oregon Medical Assn. v. Rawls, supra,* (276 Or at 1108), we held the controversy was not justiciable for the reason, among others, "that the factual data submitted in this case do not provide us with a sound footing to decide the constitutional issues raised." To be a justiciable controversy, "there must appear a sufficient practical need for the determination of the matter"; there must be "an accrued state of facts as opposed to hypothetical state of facts." 1 Anderson, Declaratory Judgments, § 9 (1972 Supp).

There is some necessity shown here. Because the policy does not have a provision requiring Lexington to defend, Mitchell now concedes Lexington has no duty to defend the action brought by Roberts. For this reason Lexington probably will not be bound by any judgment Roberts may obtain against Mitchell and could relitigate the entire question of Mitchell's liability to Roberts and the amount of liability. Certainly, if Mitchell settled with Roberts, Lexington could challenge the settlement if Mitchell sought reimbursement from Lexington.

The facts, however, upon which Mitchell seeks to have the court base a declaration of coverage are unknown and this case is an inappropriate proceeding for the two parties to attempt to establish what actually occurred.

The principal fact issue which has not been determined is whether Roberts suffered a loss; that is, did Roberts fail to secure redelivery of all of the machinery he claims to have stored with Mitchell. If Roberts had no loss, Mitchell has no liability and Lexington has no obligation under its policy. Furthermore, Lexington alleged an affirmative defense in which the type of loss is a key fact. The policy contained an exclusion clause providing that it does not insure against "any unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory." Lexington alleged any loss was caused by "mysterious disappearance." The trial court found the loss alleged in Roberts' complaint, "did not result from unexplained loss or mysterious disappearance."

Mitchell's contention is that the allegations of Roberts' complaint against Mitchell, as a matter of law, state a claim covered by the policy; therefore, Mitchell is entitled to a declaration that if Roberts recovers a judgment against Mitchell, Lexington is obligated to indemnify Mitchell. We have repeatedly held that a liability carrier has an obligation to perform its duty to defend if the complaint of the allegedly injured party alleges a loss covered by the policy. *MacDonald v. United Pacific Ins. Co.,* 210 Or 395, 311 P2d 425 (1957). The reason why the duty to defend must be determined by the allegations of the complaint is that performance of this duty cannot be delayed until the facts are ultimately determined. However, as stated, it is conceded that the insurance company here has no duty to defend. We are of the opinion that the allegations of the complaint should not determine Lexington's ultimate obligation to pay.

The convenience to Mitchell to decide ultimate coverage on the basis of Roberts' complaint is outweighed both by the illogic of making a determination of coverage in this proceeding and the potential for multiple litigation by entertaining this proceeding.

[221]

On the mysterious disappearance defense, Mitchell contends Lexington failed in its proof; not only did Lexington fail to prove a "mysterious disappearance," it failed to prove any loss at all. Lexington's response is that the insured has the burden of proving that it suffered a loss, *Prevosky v. Fireman's Fund Ins. Co.,* 262 Or 435, 438, 499 P2d 339 (1972), and that until a loss is established it has no way of proving that it was by mysterious disappearance.

We are of the opinion that the contentions of the parties aptly illustrate that the facts must be more developed than is possible in this litigation before a controversy has been established that will justify a judicial decision. Our opinion is fortified by answers of Mitchell's counsel to questions of the court at oral argument. Counsel stated that its position would be that the holding in this case on all issues decided would be res judicata in any future litigation between Mitchell and Lexington. This would be Mitchell's position regardless of the evidence received in the trial between Roberts and Mitchell. That certainly makes the facts in the present case hypothetical with no necessary relationship to what actually occurred. On the other hand, if the holding in this case is not res judicata, entertaining a declaratory judgment proceeding has no efficacy. All the issues would have to be litigated in the Roberts v. Mitchell action and then possibly in the Mitchell v. Lexington litigation. For these reasons we hold this case does not present a justiciable controversy at this time.

Initially, the principal controversy between the parties was whether Mitchell had Roberts' machinery in its "actual or constructive custody" as is required by the policy if Mitchell is to be covered. The trial court held the machinery was in Mitchell's custody. We are of the opinion that the issue of whether Mitchell had custody also cannot be properly resolved in this declaratory judgment proceeding. Case dismissed.

Reversed.