# BROWN,
*Appellant,*
*v.*
# OREGON STATE BAR,
*Respondent.*

## (No. A7906-03119, CA 18935)

632 P2d 1338

Peter S. Herman, Senior Counsel, Salem, argued the cause for appellant. With him on the briefs were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Norman W. Legernes, Assistant Attorney General, Salem.

Barnes H. Ellis, Portland, argued the cause for respondent. With him on the brief was Andrew R. Gardner, Portland.

THORNTON, J.

RICHARDSON, J., concurring in part; dissenting in part.

## THORNTON, J.

Plaintiff appeals a summary judgment and assigns as error the trial court's dismissal of his complaint. Three questions are raised for our consideration: (1) did the trial court have subject matter jurisdiction in this case to issue a declaratory judgment; (2) did plaintiff's complaint allege a justiciable controversy; and (3) did the court abuse its discretion in denying plaintiff declaratory relief? We reverse.

Plaintiff received a request for legal advice from the Director of the Department of Land Conservation and Development concerning a hearings officer's draft opinion in a contested case proceeding before the Land Conservation and Development Commission. In response, plaintiff assigned two assistant attorneys general to meet with the director and the hearings officer. The meeting was held in private, and no notice was given to either the litigants or their counsel. At the time, the agency had no rule prohibiting such contact. Plaintiff neither represented any party nor was a party himself.

The hearings officer felt he had been subjected to undue pressure by the two assistant attorneys general and, in December, 1978, filed a complaint with defendant. After initial investigation and consideration of the complaint, defendant's president requested a formal opinion from plaintiff on two questions: (1) whether plaintiff and his assistants, when requested to do so, were required to render legal advice to a state agency or its hearings officer with respect to a contested case proceeding pending before the agency for decision; and (2) whether plaintiff and his assistants could render such requested advice *ex parte* and in private.

In response to these inquiries, plaintiff issued an opinion, 39 Op Atty Gen 431 (1978), in which he concluded that he had the statutory duty and right to give requested legal advice to any agency or its hearings officer in a contested case proceeding and that such advice could be given *ex parte* and in private if: (1) plaintiff was not a party and did not represent a party; (2) agency rules did not prohibit such contact; and (3) the hearings officer was an

employee or agent of the agency without independent status and authority to issue final and binding orders.

Defendant, through its legal ethics committee, also considered the same questions. In April, 1979, defendant's Board of Governors approved the issuance and publication of Ethics Opinion No. 428, which stated that the particular conduct under review in plaintiff's opinion violated DR 7-110(B)[1] and DR 9-101.[2] After considering the ethics opinion, plaintiff advised his assistants that he considered the opinion to be incorrect and instructed them to continue to give requested legal advice in similar circumstances. In

---

[1] DR 7-110(B) provides:

"In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except:

"(1) In the course of official proceedings in the cause.

"(2) In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(3) Orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(4) As otherwise authorized by law or by Section A(4) under Canon 3 of the Code of Judicial Conduct."

[2] DR 9-101 provides:

"(A) A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity.

"(B) A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

"(C) A lawyer shall not state or imply that he is able to influence, improperly or upon irrelevant grounds any tribunal, legislative body, or public official." (Note omitted.)

Ethics Opinion No. 428 also suggested that plaintiff review EC 9-2, which states:

"Public confidence in law and lawyers may be eroded by irresponsible or improper conduct of a lawyer. On occasion, ethical conduct of a lawyer may appear to laymen to be unethical. In order to avoid misunderstandings and hence to maintain confidence, a lawyer should fully and promptly inform his client of material developments in the matters being handled for the client. While a lawyer should guard against otherwise proper conduct that has a tendency to diminish public confidence in the legal system or in the legal profession, his duty to clients or to the public should never be subordinate merely because the full discharge of his obligation may be misunderstood or may tend to subject him or the legal profession to criticism. When explicit ethical guidance does not exist, a lawyer should determine his conduct by acting in a manner that promotes public confidence in the integrity and efficiency of the legal system and the legal profession."

June, 1979, plaintiff filed a complaint seeking declaratory relief.[3] ORS 28.010 *et seq.*

In response to plaintiff's allegations, defendant moved for summary judgment on the grounds that: (1) the trial court lacked subject matter jurisdiction; (2) plaintiff failed to allege a justiciable controversy in his complaint; and (3) the dual doctrines of primary jurisdiction and exhaustion of administrative remedies made an exercise of jurisdiction by the court premature. Attached to the motion was an affidavit of defendant's president stating that: (1) Ethics Opinion No. 428 was an advisory opinion; and (2) no disciplinary proceedings were pending against plaintiff or any of his assistants as a result of the ethics opinion.

In response, plaintiff filed a counter-affidavit asserting, *inter alia,* that: (1) he and his assistants had given and were continuing to give legal advice in contested cases as requested; (2) he had continued to implement and enforce this policy; (3) no public purpose would be served by requiring him and his assistants to submit to disciplinary proceedings as a prerequisite to determination of the issue in question; and (4) he had never been assured by defendant that it would not initiate disciplinary proceedings against him or his assistants if they violated the disciplinary rules as interpreted in the ethics opinion.

The trial court determined that: (1) it had subject matter jurisdiction; (2) no justiciable controversy upon which to base declaratory relief had been alleged in plaintiff's complaint; (3) if a justiciable controversy was alleged, it would exercise its discretion and deny jurisdiction; and (4) it was unnecessary to reach the issues presented by the doctrines of primary jurisdiction and exhaustion of administrative remedies.

On appeal, plaintiff argues that the trial court had jurisdiction to issue a declaratory judgment and that he was entitled to such relief because the performance of his

---

[3] These facts are recited to show the history of the dispute. Plaintiff does not seek a determination whether he acted properly in this particular situation. He seeks a determination that his interpretation of his statutory duties does not result in a violation of the Disciplinary Rules of the Oregon Supreme Court. Subsequent to the issuance of 39 Op Atty Gen 431 (1978), LCDC promulgated a regulation prohibiting such contacts by plaintiff or his deputies.

statutory duties, and those of his assistants, was imminently threatened by the existence of Ethics Opinion No. 428. He argues that as a public official he is particularly entitled to judicial guidance, considering the public importance of the dispute involved in this case, and, further, that it would be egregious to require him or members of his staff to submit to disciplinary proceedings as a condition to determining the proper performance of their legal responsibilities.

Defendant submits that the trial court had no subject matter jurisdiction and erred in holding to the contrary. In addition, defendant asserts that, even if the court had the power to issue a declaratory judgment in this case, plaintiff merely seeks guidance on an abstract conflict arising from his disagreement with the view expressed in a wholly advisory ethics opinion. Defendant contends that since no disciplinary proceedings involving DR 7-110(B) or DR 9-101 are pending against plaintiff or members of his staff, they have not suffered any injury in fact or been subjected to any imminent threat of such injury. Thus, defendant contends, no justiciable controversy exists and plaintiff merely seeks an advisory opinion from the court. Finally, defendant submits that even if a justiciable controversy does exist, the trial court nonetheless had discretion to deny plaintiff declaratory relief and appropriately exercised its discretion.

The threshold issue is whether the trial court had jurisdiction to render a declaratory judgment in this case. Defendant contends that the Supreme Court has exclusive jurisdiction to review defendant's ethical opinions and that a judgment by the trial court here would necessarily have to ratify, modify or reject Ethical Opinion No. 428 and, therefore, would encroach upon the Supreme Court's exclusive jurisdiction involving the discipline of members of the bar. The trial court concluded that it had jurisdiction over the subject matter of the case pursuant to Article VII (Original) § 9 of the Oregon Constitution.[4] The court found

---

[4] Article VII (Original) § 9 provides:

"All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts, and they shall have appellate jurisdiction, and supervisory control over the County Courts, and all other inferior Courts, Officers, and tribunals.

that plaintiff was neither seeking the discipline of any attorney nor review of a disciplinary proceeding. The court stated that the mere existence of Ethics Opinion No. 428, neither ratified nor affirmed by the Supreme Court, could not affect the court's jurisdiction to interpret the rights and responsibilities of plaintiff under existing statutory law pursuant to ORS 28.010 *et seq.*

■ It is true that the responsibility for discipline of an attorney rests solely with the Supreme Court. ORS 9.480; *In re Reuben G. Lenske,* 269 Or 146, 165, 523 P2d 1262 (1974), *cert den* 420 US 908 (1975). However, plaintiff is not seeking the discipline of an attorney or review of any disciplinary proceeding. Plaintiff is merely attempting to obtain a declaration of his rights and responsibilities under existing statutory law. Pursuant to ORS 28.010, courts of record of this state have the "power to declare rights, status and other legal relations, whether or not other relief is or could be claimed." Plaintiff sought no ruling which would encroach upon the Supreme Court's exclusive jurisdiction over disciplinary matters. We agree with the trial court that the mere existence of Ethics Opinion No. 428 did not affect its power under ORS 28.010 to determine plaintiff's statutory rights and responsibilities. The trial court had jurisdiction over the subject matter in issue in this case.

We next consider whether the trial court was correct in its determination that there was no justiciable controversy alleged by plaintiff and whether, in light of that determination, it properly denied plaintiff declaratory relief. As noted, ORS 28.010 confers upon the courts of record of this state the "power to declare rights, status, and other legal relations." The purpose of the declaratory judgment statutes is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." ORS 28.060. The statutes are "to be liberally construed and administered." *id. See also Thom v. Bailey,* 257 Or 572, 595, 481 P2d 355 (1971); *Campbell v. Henderson,* 241 Or 75, 79, 403 P2d 902 (1965); *Recall Bennett Com. v. Bennett et al.,* 196 Or 299, 322, 249 P2d 479 (1952).

■ Limitations exist, however, on a court's issuance of declaratory relief. Thus, before a court can entertain a

declaratory judgment action, there must be an actual or justiciable controversy. *Mitchell Bros. Truck Lines v. Lexington,* 287 Or 217, 219, 598 P2d 294 (1979); *Oregon Medical Assn. v. Rawls,* 276 Or 1101, 1107, 557 P2d 664 (1976); *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 109, 408 P2d 80 (1965); *Hale v. Fireman's Fund Ins. Co. et al,* 209 Or 99, 103, 302 P2d 1010 (1956); 1 Anderson, Actions for Declaratory Judgments, § 15 (1951). Oregon appellate courts have frequently dismissed declaratory judgment proceedings in the absence of such a controversy. *See, e.g., Mitchell Bros. Truck Lines v. Lexington, supra; Oregon Medical Assn. v. Rawls, supra; Hale v. Fireman's Fund Ins. Co. et al, supra; Hickey v. City of Portland,* 165 Or 594, 109 P2d 594 (1941); *Oregon Cry. Mfgs. Ass'n v. White,* 159 Or 99, 78 P2d 572 (1938); *Granata v. Tanzer,* 31 Or App 21, 569 P2d 1090 (1977).

The determination of when a controversy is justiciable is not subject to precise and clear standards. However, as noted in *Mitchell Bros. Truck Lines v. Lexington, supra:*

> "* * * In *Hale v. Fireman's Fund Ins. Co., supra,* (209 Or at 103), we defined a justiciable controversy as one 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' In *Oregon Medical Assn. v. Rawls, supra,* (276 Or at 1108), we held the controversy was not justiciable for the reason, among others, 'that the factual data submitted in this case do not provide us with a sound footing to decide the constitutional issues raised.' To be a justiciable controversy, 'there must appear a sufficient practical need for the determination of the matter'; there must be 'an accrued state of facts as opposed to hypothetical state of facts.' 1 Anderson, Declaratory Judgments, § 9 (1972 Supp)." 287 Or at 220.

Similarly, as stated in *Cummings Constr. v. School Dist. No. 9, supra:*

> " '* * * A justiciable controversy is distinguished from a difference or dispute of a hypothetical or abstract character; from one that is abstract or moot. The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' *Portland Web Pressmen's Union v. Oregonian Pub. Co.,* 188 F Supp 859, 864

(DC Or 1960), aff'd 286 F2d 4, cert. den. 366 US 912, 81.S Ct 1086, 6 L Ed2d 237. See also, *Parks v. Francis,* 202 SW2d 683, 686 (Ct. of Civ App Tex)." 242 Or at 110.

*See also, e.g., Oregon Medical Assn. v. Rawls, supra* at 1105, 1108; *Gortmaker v. Seaton,* 252 Or 440, 442-45, 450 P2d 547 (1969); *Hale v. Fireman's Fund Ins. Co. et al, supra* 209 Or at 103; *Oregon Cry. Mfgs Ass'n v. White, supra* 159 Or at 109.

■      Using these criteria as guides, we conclude that the trial court was in error in its determination that no justiciable controversy exists here. Plaintiff's performance of his legal duties as the State's chief law officer are threatened by Ethics Opinion 428. Defendant is a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon. ORS 9.010. Where plaintiff and his assistants cannot proceed with the performance of their staff duties without risking the possibility of disciplinary proceedings initiated by defendant, they are entitled to immediate judicial guidance. The court is simply being asked to decide whether the Attorney General may, under the circumstances set forth in the complaint, properly give advice when requested to do so in a contested case, notwithstanding the State Bar's ethics opinion.

A somewhat similar dispute was involved in *State ex rel v. Williams, et al,* 215 Or 639, 336 P2d 68 (1957), a mandamus proceeding. There the Attorney General sought to investigate certain alleged violations of the criminal and liquor laws by officers and employees of the Oregon Liquor Control Commission. In his complaint the Attorney General alleged that the Commissioner had certain evidence, depositions and other records in regard to the alleged violations and had refused to allow him to inspect the same in order to perform his duties in connection therewith. The trial court sustained defendants' demurrer to the complaint. The Attorney General then appealed to the Supreme Court. The court entertained the Attorney General's appeal without hesitation but ruled that he had no power or duty to initiate the investigation without permission from the Governor.

It is our interpretation of the authorities that a justiciable controversy exists and that it would be inappropriate, if not egregious, to require plaintiff to submit to

disciplinary proceedings as a condition for determining what his legal responsibilities are. This is precisely what the Oregon Declaratory Judgment Act is designed for. *Recall Bennett Committee v. Bennett,* supra; *Cornelius v. City of Ashland,* 12 Or App 181, 506 P2d 182 (1973). In *Gaffey v. Babb,* 50 Or App 617, 624 P2d 616, *rev den* 291 Or 117 (1981), this court held that the proprietor of a business described as a "head shop" was entitled to declaratory relief as to the constitutionality of a penal ordinance of the City of Brookings prohibiting such establishments.

We hold that the trial court abused its discretion in denying plaintiff declaratory relief in the case at bar.

Reversed and remanded.

**RICHARDSON, J.,** concurring in part; dissenting in part.

The majority holds that the trial court had subject matter jurisdiction in this case and that the complaint alleged a justiciable controversy. I concur in the first part of that holding but do not agree the court erred in dismissing the complaint.

The majority correctly sets forth the law regarding the guidelines for determining if a justiciable controversy exists, and I will not repeat the discussion of the law. However, I conclude that applying the criteria set forth, the trial court correctly determined there was no justiciable controversy. Plaintiff's complaint does not set forth a definite and concrete controversy; rather it seeks a broad declaration of rights. There is not alleged a specific factual situation upon which the trial court could base a declaratory judgment. The plaintiff seeks, in essence, an interpretation of Disciplinary Rules 7-110(B) and 9-101 as they would be applied to advice given by plaintiff and his professional staff under the very general guidelines reflected in his assessment of his statutory duties. It takes little imagination to predict that there will be a variety of fact situations arise that would invoke application of the disciplinary rules of defendant. A declaration that plaintiff's interpretation of the disciplinary rules, *vis a vis* his statutory

duties, is correct or incorrect will not necessarily resolve the individual fact situations.

Arguably, this problem would only arise in formulating a judgment on the merits of the complaint. However, it does point out the fact that the alleged controversy cannot be completely and finally resolved in a declaratory judgment action. I conclude this case simply poses a difference of opinion as to the meaning of defendant's disciplinary rules. This dispute in interpretation is reflected in two advisory opinions, one issued by the plaintiff and one issued by the defendant.

If the majority is correct that there is a justiciable controversy which the court can finally resolve, then the resolution must take one of three forms. The court would have to adopt either the opinion of the plaintiff that his interpretation of his statutory duties would not be in violation of the defendant's rules or the opposing views of defendant. The third alternative would be for the court to interpret defendant's rules and set forth guidelines for the plaintiff in carrying out his statutory duties. Each of these alternatives is not a final solution. The court should not be called upon to anticipate all fact situations that may arise regarding advice given by plaintiff to administrative agencies. There simply is no basis in the complaint or the general assessment of plaintiff's statutory duties for predicting how defendant's disciplinary rules should be applied in the future.

Assuming that the complaint alleged a justiciable controversy, I nevertheless conclude the trial court did not err. It correctly noted that, regardless of the correctness of its determination on the justiciability issue, it had discretion to dismiss the complaint on the basis that declaratory relief was not appropriate. *See* ORS 28.060; *Campbell v. Henderson,* 241 Or 75, 403 P2d 902 (1965); *Recall Bennett Com. v. Bennett et al.,* 196 Or 299, 249 P2d 479 (1952); *Rahoutis v. Unemployment Commission,* 171 Or 93, 136 P2d 426 (1943). A trial court's refusal to entertain a declaratory judgment action is especially proper where the question can be better determined in another proceeding. *Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976); *Nelson v. Knight,* 254 Or 370, 460 P2d 355 (1969).

The discipline of lawyers is provided for by statute. ORS 9.490-9.580. In the present case, the trial court determined that the administrative and judicial processes of lawyer discipline recognize the specialized competence of the defendant to investigate, regulate and monitor the professional conduct of lawyers. That specialized forum provides a better avenue to determine the relative merits of the competing interpretations of the disciplinary rules on a case by case basis.

In summary, I conclude that the court had subject matter jurisdiction, that the complaint did not allege a justiciable controversy and that, assuming justiciability, the trial court did not abuse its discretion in dismissing the complaint. I would affirm the judgment in favor of defendant.

Warden, Warren and Van Hoomissen, Judges, join in this opinion.