Argued and submitted March 4, affirmed in part and reversed in part and remanded August 3, 1982

**BROWN,**
*Respondent on Review,*
*v.*
**OREGON STATE BAR,**
*Petitioner on Review.*

(CA 18935 SC 28132)
648 P2d 1289

Barnes H. Ellis, Portland, argued the cause and filed the brief for Petitioner. With him on the brief was Andrew R. Gardner.

Dave Frohnmayer, present Attorney General, argued the the cause for Respondent. On the briefs were James M. Brown, Attorney General, John R. MuCulloch, Jr., Solicitor General, William F. Gary, Deputy Solictor General, Peter S. Herman, Senior Counsel, and Norman W. Legerness, Assistant Attorney General, Salem.

Before Denecke, C. J.,* * Lent, Linde, Tanzer, Peterson and Campbell, Justices.

CAMPBELL, J.

* * Denecke, C. J., retired June 30, 1982.

## CAMPBELL, J.

Plaintiff brings this suit in his official capacity as Attorney General of Oregon to obtain a declaration of his responsibilities under state law and the disciplinary rules of this court. The only issue on appeal is whether declaratory relief is proper.

The demand for declaratory relief was precipitated by the following facts. The plaintiff received a request for legal advice from the Director of the Department of Land Conservation and Development concerning a draft opinion in a contested case before the Land Conservation and Development Commission (LCDC). Two assistant attorneys general met with the director and the hearings officer without notice to the litigants and in private. The hearings officer felt that he had been subjected to undue pressure and filed a complaint with defendant, the Oregon State Bar.

The president of the Bar requested an attorney general opinion on two questions - whether the attorney general must render legal advice on request to state agencies concerning a contested case, and whether the advice may be rendered *ex parte* and in private. In response, plaintiff issued an opinion concluding that he had the statutory duty to give requested legal advice to any agency or its hearings officers in a contested case proceeding and that such advice could be given *ex parte* and in private if (1) the plaintiff was not a party and did not represent a party, (2) agency rules did not prohibit such contact and (3) the hearings officer was an employe or agent of the agency without independent status and authority to issue final and binding orders. 39 Op Atty Gen 431 (1978); ORS 180.060, 180.220.

The defendant, through its legal ethics committee, considered whether such *ex parte* advice was unethical under the disciplinary rules of this court. It issued an opinion, approved by the Board of Governors, which stated that the meeting with the director and hearings officer of LCDC violated DR 7-110(B) and DR 9-101, Oregon State Bar, Code of Professional Responsibility.

Plaintiff filed an action for declaratory relief in the circuit court requesting a declaration as to his rights and responsibilities under statutory law and the rules of this court. Defendant moved for summary judgment, which the court granted on the following grounds: that the complaint did not allege a justiciable controversy, and that even if it did, the court would exercise its discretion and deny jurisdiction. The Court of Appeals reversed and remanded. 53 Or App 759, 632 P2d 1338 (1980).

We accepted review to decide whether declaratory relief is proper. The defendant asserts three grounds for reversing the Court of Appeals and affirming the summary judgment: (1) the circuit court lacked subject matter jurisdiction to interpret disciplinary rules; (2) there is no justiciable controversy, and (3) even if a justiciable controversy exists, refusing declaratory relief is a discretionary act which should not be reversed absent an abuse of discretion.

 This Uniform Declaratory Judgment Act, ORS 28.010 et seq., confers on Oregon courts of record the "power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. * * * The declaration...shall have the force and effect of a final judgment or decree." ORS 28.010. In order for a court to entertain an action for declaratory relief, the complaint must present a justiciable controversy. Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. *Cummings Constr. v. School Distr. No. 9,* 242 Or 106, 408 P2d 80 (1965). The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. *Id.* A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one. *Id.* The court cannot exercise jurisdiction over a nonjusticiable controversy because in the absence of constitutional authority, the court cannot render advisory opinions. *Oregon Cty. Mfgs. Ass'n. v. White,* 159 Or 99, 109, 78 P2d 572, 576 (1938).

 To issue declaratory relief, the court must also have jurisdiction over the subject matter of the controversy. The Uniform Declaratory Judgment Act is not an

independent grant of jurisdiction. *Lokey v. Texas Methodist Foundation,* 468 SW2d 945 (1971). The circuit court is described by the Oregon Constitution as a court of general jurisdiction having all power not otherwise vested. Or. Const. Art VII (Original) 9. Bearing in mind these two jurisdictional requisites for entertaining an action for declaratory relief, we look to whether the circuit court may declare the plaintiff's rights under the Oregon statutes and the disciplinary rules.

## 1. Plaintiff's statutory duties

Plaintiff contends that he has the right pursuant to ORS 180.220, to give advice to agencies upon request, with specific qualifications. Defendant, on the other hand, takes the position that plaintiff may not engage in such conduct because it violates the disciplinary rules. Although the pleadings indicate a substantial controversy, the defendant asserts that it is not justiciable because it involves only advisory ethics opinions, does not involve present facts and is moot because of a recent LCDC rule prohibiting the conduct.

■ ■ We find, however, that the controversy is justiciable. While the controversy arises from advisory opinions, the substance of the controversy concerns the interpretation of a statute. The court is requested to consider a specific set of facts - whether plaintiff may give advice upon request to agencies in contested cases where plaintiff's office is not involved in the case, agency rules do not prohibit the conduct and the recipient does not have authority to issue binding orders. The controversy involves present facts, the plaintiff's existing statutory duty. The fact that LCDC promulgated a rule prohibiting such conduct does not, as defendant asserts, render the controversy moot. The controversy does not concern the specific conduct of having given advice to the director of LCDC but concerns the plaintiff's continuing state-wide official conduct under the statutes.

■ ■ Defendant contends that even if the controversy is justiciable, the court did not abuse its discretion in refusing to grant declaratory relief. The trial court stated that were the controversy justiciable, it would exercise its discretion

to deny review because of the specialized competence to the Bar to investigate and monitor the conduct of attorneys and the exclusive disciplinary authority of this court. While the courts do have some discretion in granting declaratory relief, Cf. ORS 28.060, where a justiciable controversy exists and the trial court has jurisdiction over the subject matter of the controversy, the court should afford relief absent valid countervailing reasons. *Cf. Brooks v. Dierkes,* 275 Or 619, 624, 552 P2d 533 (1976) (another remedy will be more appropriate). In this case, declaratory relief is particularly appropriate to determine the statutory duties of a public officer. Recall *Bennett Comm. v. Bennett et al.,* 196 Or 299, 249 P2d 479 (1952); *State ex rel Dental Ass'n. v. Smith,* 201 Or 288, 270 P2d 142 (1954).

Having decided that the circuit court erred in refusing to resolve the controversy concerning plaintiff's statutory responsibilities, we proceed to consider whether the court also should determine plaintiff's ethical responsibilities.

## 2. Disciplinary Rules

The second question concerns the trial court's authority to determine whether plaintiff's conduct is unethical under this court's disciplinary rules. This controversy is not justiciable under ORS ch. 28 because an interpretation of a disciplinary rule by the circuit court cannot be a binding determination. A circuit court opinion would be advisory only.

The disciplinary rules are standards adopted by this court to govern the supervision and discipline of attorneys. The professional discipline of attorneys is within the exclusive jurisdiction of this court. The Oregon State Bar is charged with enforcing the rules, ORS 9.490, to the extent of investigating possible occurrence of professional misconduct and making recommendations to this court. The recommendations and the ethics opinions which they publish are advisory and are not binding on this court. Were an interpretation of the rules by the circuit court considered to be binding, the decision would infringe on this court's exclusive jurisdiction to discipline attorneys and establish standards of ethical conduct because the circuit court would

be establishing patterns of conduct to which attorneys should adhere.[1]

 Affirmed in part and reversed in part and remanded[2] for a decision as to plaintiff's statutory duties.

---

[1] Having decided that the controversy concerning plaintiff's ethical responsibilies under the disciplinary rules is not justiciable under ORS ch. 28, we need not decide whether the controversy is within the trial court's subject matter jurisdiction.

[2] On remand we call the parties' attention to Oregon Rules of Civil Procedure, Rule 34F, as to the proper party plaintiff.