STATE FARM FIRE AND CASUALTY
COMPANY,
*Respondent,*
*v.*
REUTER,
*Defendant,*
BULLEN,
*Appellant.*

(No. 16-80-07796, CA A22866)

650 P2d 172

James C. Jagger, Eugene, argued the cause for appellant.
With him on the briefs was Jagger & Holland, Eugene.

Daniel M. Holland, Eugene, argued the cause for respondent. With him on the briefs were Jaqua, Wheatley, Gallagher & Holland, P. C., Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant Bullen appeals a summary judgment granted in favor of plaintiff in this declaratory judgment proceeding. We find that there is no justiciable controversy between plaintiff and Bullen, and we reverse.

Defendant Reuter was charged in Lane County Circuit Court with knowingly committing the crime of rape after he attacked defendant Bullen. Reuter pleaded not guilty by reason of mental disease or defect and was found guilty in a jury trial of rape in the first degree. Bullen then brought a civil action against Reuter for her damages caused by the rape. She alleged that the attack took place while Reuter was suffering from a mental disorder that caused him to be unable to conform his behavior to the requirements of the law.

Defense of that action was tendered to plaintiff, which had in effect at the time of the rape a homeowner's liability policy under which Reuter's parents were the named insureds. That policy contained an exclusion for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." Plaintiff brought this declaratory judgment action naming Reuter and Bullen as defendants. It claimed that there was no coverage because of the above-quoted policy exclusion and sought a declaration of the rights of the parties. In support of its motion for summary judgment, plaintiff claimed that defendants were estopped by the criminal proceedings in which Reuter was found guilty of first degree rape to claim that the rape was anything but an intentional act excluded by the policy.

The trial court granted summary judgment in favor of plaintiff. Only Bullen appeals.

■ An action for declaratory judgment requires that there be a justiciable controversy, *Brown v. Oregon State Bar,* 293 Or 446, 648 P2d 1289 (1982); *Mitchell Bros. Truck Lines v. Lexington,* 287 Or 217, 598 P2d 294 (1979); *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 408 P2d 80 (1965), and that the party bringing the action have a substantial interest in the matter in controversy. *Gortmaker v. Seaton,* 252 Or 440, 450 P2d 547 (1969). We find

that there is no justiciable controversy between plaintiff and Bullen.

In *Cummings Constr. v. School Dist. No. 9, supra,* the court explored the requirements for a justiciable controversy. It stated:

" "* * * Plaintiff must present a state of facts from which he has *present* legal rights against those he names as defendants with respect to which he may be entitled to some consequential relief immediate or prospective. * * *.

" "* * * The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to the rights has happened, or, in other words, *until rights have become fixed under an existing state of facts.* * * *.

" "* * * "In general, it may be said that the facts on which a legal decision is demanded must have accrued, for the principle of a declaratory judgment is that it declares the existing law on an *existing state of facts.* The danger or dilemna of the plaintiff must be present, not contingent on the happening of hypothetical future events - and the prejudice to his position must be actual and genuine and not merely possible and remote." ' * * *." (Citations omitted.) 242 Or at 110-11.

Plaintiff's complaint does not allege a present controversy between plaintiff and Bullen. It alleges the existence of and incorporates the insurance policy and the complaint filed by Bullen against Reuter and alleges that it was requested to defend Reuter. It seeks a declaration of its rights, obligations and responsibilities pursuant to the policy.

There is no allegation that Bullen has any rights or interest in the policy, nor could there be. Bullen has filed a complaint against Reuter. She has no action against plaintiff at this time. Although neither of the parties mentions it, it is possible that *if* Bullen is successful in her action against Reuter and *if* Reuter fails to pay any judgment that might be entered, Bullen *might* be entitled to seek to recover the amount of that judgment directly from plaintiff pursuant to the provisions of ORS 743.783, which mandates that certain policies provide substantially as follows:

" 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If

any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

There is no allegation that Bullen obtained a judgment against Reuter which was unpaid for over 30 days.

In *Hale v. Fireman's Fund Ins. Co. et al,* 209 Or 99, 302 P2d 1010 (1956), the plaintiff in a declaratory judgment action was a party who had been injured in an automobile accident. That party filed suit against the alleged tortfeasors seeking damages for negligence and then filed a declaratory judgment action against two insurers alleging that the tortfeasors would probably not be able to pay any judgment that would be rendered and seeking a declaration that the insurers would be required to pay such judgment.

The court stated that it has followed the principle that

"* * * [c]ourts generally decline to pronounce a declaration in a suit wherein the rights of the plaintiff are contingent upon the happening of some event which cannot be forecast and which may never take place. * * *." 209 Or at 103-04.

*See Oregon Medical Assn. v. Rawls,* 276 Or 1101, 557 P2d 664 (1976); *Drake v. City of Portland,* 172 Or 558, 599, 143 P2d 213 (1943). *Hale* held that there was no justiciable controversy in that case:

"It must be apparent that the rights which the plaintiff says he possesses against the two defendant insurance companies are contingent. He may never win a judgment in the tort action. The defendant insurance companies are not required to do anything concerning the plaintiff until a judgment is entered in his favor against [the alleged tortfeasors] and remains unsatisfied for thirty days. The situation does not reveal a controversy 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' * * *"

*See Strain v. Rossman,* 47 Or App 57, 614 P2d 102, *rev den* 290 Or 149 (1980). If the victim of a tort may not obtain a declaration of rights under the insurance policy of the alleged tortfeasor, we do not believe that an insurer in the same situation may do so.

In the absence of a justiciable controversy, there is no jurisdiction to entertain a declaratory judgment as to the appealing defendant. *Mitchell Bros. Truck Lines v. Lexington, supra; Cummings Constr. v. School Dist. No. 9, supra; Oregon Cry. Mfgs. Ass'n v. White,* 159 Or 99, 78 P2d 572 (1938).

Reversed and remanded with instructions to dismiss as to defendant Bullen.