Argued and submitted September 10, reversed and remanded October 22, 1997, petition for review denied January 27, 1998 (326 Or 389)

In the Matter of Norman R. Evonuk,
a Protected Person.

Diana GOODMAN,
conservator,
*Appellant,*

*v.*

Peter MICKA
and Tereza Micka,
husband and wife,
*Respondents.*

(51-95-05656; CA A96485)

949 P2d 1222

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

Harold D. Gillis argued the cause for respondents. With him on the brief was Gleaves Swearingen Larsen Potter Scott & Smith, LLP.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

This is a declaratory judgment action in which plaintiff sought a determination of the parties' respective interests in certain real property. ORS 28.010 *et seq.* The trial court granted defendants' motion for summary judgment, ORCP 47 C, ruling that no justiciable controversy existed and that plaintiff had "other and more appropriate remedies available." We reverse.

Plaintiff, as the conservator of the estate of Norman Evonuk, undertook to inventory and value Evonuk's assets, including real property located in Vida. Defendants, who currently reside at that real property, claimed a tenancy interest in the property. Because plaintiff could not ascertain the extent, if any, of such an interest, she filed this action. In particular, she requested that: (1) defendants be declared tenants at will and that they be required to maintain and safeguard the property for so long as they are occupants of the property; (2) defendants pay all taxes, insurance and costs associated with their occupancy of the property, including maintenance, repair and upkeep; and (3) plaintiff receive any other equitable relief that the court deemed appropriate.

In their answer to the complaint, defendants admitted that Evonuk owned the real property but denied that they were tenants at will. They affirmatively alleged that they had an agreement with Evonuk that granted them the right to possession and occupancy of the real property for the duration of Evonuk's life and seven years thereafter. Defendants moved for summary judgment, contending that, in light of the above evidence, there was no justiciable controversy between the parties. Specifically, they argued:

"If, as alleged, the Defendants Micka, are tenants at will, the Plaintiff can terminate at her will and require Defendants to vacate the property. It makes no difference, under such a tenancy, if there is an agreement (even a disputed one) about payment of expenses, taxes, etc., regarding the property. * * * If the court finds at some point that Defendants are tenants at will[,] the Declaration the Plaintiff seeks here will have no practical effect."

Plaintiff responded to defendants' motion by submitting an affidavit of Evonuk's ex-wife, who described Evonuk's severe mental problems after the death of their child in 1951. She recounted past hospital commitments, the general deterioration of his mental state and his inability to administer his own affairs. She also indicated that she had been present at a meeting between Evonuk and defendants, before defendants moved onto the property. At that meeting, she said, Evonuk became visibly angry and upset and told defendants that they could not live on the property. She also asserted, "I do not believe that [Evonuk] had the mental capacity to enter into any kind of an agreement concerning the rental or occupancy of the [Vida] property." At the time of the summary judgment motion, Evonuk was unwilling to cooperate with plaintiff and, thus, she was unable to procure his recollections of the transactions with defendants.

■    In order for a court to entertain an action for declaratory relief, a justiciable controversy must exist. In *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982), the court explained when an action for declaratory relief presents a justiciable controversy:

> "Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. * * * The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. * * * A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one." (Citations omitted.)

■    In this case, the parties maintain that they have legal interests that are adverse to each other. If the trial court declares that defendants are tenants at will, plaintiff could terminate the tenancy immediately. On the other hand, if the court declares that there was an agreement that allows defendants to remain on the property for the life of Evonuk plus seven years, plaintiff could not terminate the tenancy immediately. Thus, the controversy is "actual and substantial," because the court's declaration will affect the rights and

the legal relationship of the parties. The trial court erred when it ruled that there was no justiciable controversy.

■ The trial court also granted summary judgment because there were "other and more appropriate remedies available" for plaintiff. ORS 28.010 provides, in part:

> "Courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations, *whether or not further relief is or could be claimed*." (Emphasis supplied.)

Even if there is an alternative remedy available, the statute does not require the trial court to dismiss a declaratory judgment action. In *Brown,* the court explained:

> "While the courts do have some discretion in granting declaratory relief, Cf. ORS 28.060, where a justiciable controversy exists and the trial court has jurisdiction over the subject matter of the controversy, the court should afford relief absent valid countervailing reasons." 293 Or at 451.

■ Here, the trial court specifically cited ORS 105.005 *et seq* as the more appropriate legal remedy for plaintiff. ORS 105.005 authorizes a person with a legal estate in real property to recover possession of the property. However, in this case, plaintiff did not seek in her declaratory relief action to evict defendants. Rather, plaintiff asked the court for a declaration of the legal status of the parties and for defendants to be required to pay all taxes, insurance and costs associated with their occupancy. She could not have obtained that kind of relief under ORS 105.005 *et seq*. For that reason, we hold that the trial court erred when it denied plaintiff the opportunity to seek the particular relief that she sought.

■ Finally, there are genuine issues of material fact that preclude summary judgment in this case. Plaintiff's controverting affidavit to defendants' motion raises issues of fact about whether there was an agreement as defendants contend and whether the agreement, if it exists, is enforceable. An enforceable contract requires that parties be competent to enter into a mutually binding agreement. *Uribe v. Olson,* 42 Or App 647, 651, 601 P2d 818 (1979). Accordingly, the trial

court erred when it granted defendants' motion for summary judgment.

Reversed and remanded.