*[23]
 
 THORNTON, J.
 

 Defendants appeal from a declaratory judgment holding unconstitutional certain portions of Oregon’s forcible entry and detainer law. The sections involved are set out in the margin.
 
 [1]
 

 At trial plaintiffs, in their capacity as attorneys, challenged ORS 105.125(2)(c) and ORS 105.137(2) on the ground that these statutes constituted improper legislative infringement of the judiciary’s power to regulate the practice of law. Also, plaintiff Granata, in his capacity as a landlord, challenged ORS 105.137(1) on the ground that it violated his due process right to counsel, equal protection and the privileges and immunities clauses of the United States and Oregon constitutions.
 
 [2]
 

 We do not reach the merits of the case because we conclude that no actual controversy exists between the parties.
 

 Plaintiffs have merely alleged their respective professions in order to claim that injury will result from enforcement of these statutes. The law is well settled that a plaintiff must allege substantial injury in fact or the imminent threat of such injury to
 
 *[24]
 
 establish that an actual controversy exists and is ripe for determination.
 
 Ore. Newspaper Pub. v. Peterson,
 
 244 Or 116, 415 P2d 21 (1966).
 
 See also, Cummings Constr. v. School Dist. No. 9,
 
 242 Or 106, 408 P2d 80 (1965).
 

 Plaintiffs have not alleged any facts to show that they may suffer or have suffered injury. Simply alleging one is an attorney at law would require us to infer, for example, that the attorney handles forcible entry and detainer (FED) cases, and has lost clients because the challenged statutes precluded them from being represented by an attorney in uncontested FED actions. Likewise, we are called upon to infer that plaintiff Granata is engaged in FED actions where he is precluded from using an attorney. For us to make such inferences would be mere speculation.
 

 As the court said in
 
 Gortmaker v. Seaton,
 
 252 Or 440, 442, 450 P2d 547 (1969):
 

 "It is fundamental to appellate jurisprudence that courts do not sit 1» decide abstract, hypothetical, or contingent questions * * * or to decide any constitutional question in advance of the necessity for its decision * *
 
 Federation of Labor v. McAdory,
 
 325 US 450, 461, 65 S Ct 1384, 89 L Ed 1725 (1945). * * *”
 

 Reversed.
 

 [1]
 

 ORS 105.125(2)(c) provides:
 

 "(2) In the case of a dwelling unit to which ORS 91.700 to 91.895 apply:
 

 * * *
 

 “(c) No attorney at law or person other than the plaintiff or his agent may file a complaint.”
 

 ORS 105.137 provides:
 

 "In the case of a dwelling unit to which ORS 91.700 to 91.895 apply:
 

 "(1) An attorney at law shall be entitled to appear on behalf of any party only if the defendant appears in court to contest the action; and
 

 “(2) The plaintiff or his agent may obtain a continuance of the action for as long as the plaintiff or his agent deems necessary to obtain the services of an attorney at law.”
 

 [2]
 

 Under this section a landlord is not precluded from appearing in his own behalf in such proceeding by reason of the fact that he happens also to be an attorney.