Argued and submitted December 16, 1983, reversed and remanded May 9, 1984

# STATE ex rel KESSLER,
*Respondent,*

*v.*

# PEARCE,
*Appellant.*

## (A83-02-01317; CA A28204)

682 P2d 799

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

H. Scott Raivio, Portland, argued the cause for respondent. With him on the brief were Forrest N. Rieke, Portland, and Leland R. Berger, Portland.

Before Buttler, Presiding Judge and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff was taken into custody on August 17, 1982. Subsequently, he pled guilty to the charge of ex-convict in possession of a firearm.[1] Imposition of sentence was suspended and, on November 10, 1982, he was placed on probation for a period of five years, subject to the special probationary condition that he serve one year in confinement in the county jail.[2] Defendant sheriff credited plaintiff with 73 days for good behavior pursuant to ORS 169.110 and calculated his release date as August 28, 1983.[3] Plaintiff did not receive credit for the 84 days in custody between arrest on August 17, 1982, and judgment on November 10, 1982.

He petitioned for a writ of habeas corpus, contending that he was entitled to receive credit for the 84 days. The sheriff argued that the statutes give credit for time served between arrest and judgment only when a defendant is "sentenced" to a period of confinement and not when a defendant is ordered to serve a period in confinement as a condition of probation. The trial court held that, when confinement is for one year or less in the county jail, ORS 137.320(4)[4] requires

---

[1] Ex-convict in possession of a firearm is a Class C felony. ORS 166.270(4). The maximum term of imprisonment for a Class C felony is five years. ORS 161.605(3).

[2] ORS 137.540 provides, in pertinent part:

"(1) The court may place the defendant on probation, which shall be subject to the following general conditions * * *:

"* * * * *

"(2) In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a) Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"* * * * *"

[3] Originally, the sheriff also credited plaintiff with 121 days for work credit pursuant to ORS 169.120 and stated his release date as April 29, 1983, giving him a total of 194 days credit (73 days pursuant to ORS 169.110, plus 121 days pursuant to ORS 169.120). Subsequently, however, the sheriff recalculated the release date and excluded the work credit, claiming that there was no statutory obligation or authorization for work credit for mere personal hygiene and housekeeping functions. The trial court agreed with the sheriff and plaintiff did not receive the 121 days work credit. That ruling is not raised on appeal.

[4] ORS 137.320(4) provides:

credit for time served between arrest and the date of judgment ordering confinement as a condition of probation. The sheriff was ordered to recompute Kessler's release date in accordance with the trial court's ruling; his new release date was set for June 1, 1983. In fact, however, Kessler was released from confinement on April 29, 1983, apparently pursuant to ORS 137.520(3).[5]

On appeal, the sheriff argues that there is no common law or statutory right, authority or obligation to give credit for time served against a term of confinement imposed as a condition of probation. He further urges that the statute relied on by the trial court, ORS 137.320(4), applies to sentences only. *State v. McClure,* 295 Or 732, 670 P2d 1009 (1983), is dispositive of the issue of whether time spent in a county jail between a person's arrest and trial must be credited against county jail confinement ordered as a condition of probation.[6] There the court stated:

> "If defendant had actually received a sentence of imprisonment, either in a county jail or in the custody of the Corrections Division, the statutes make it clear that his post-arrest imprisonment time, or 'back time,' must be credited to his sentence. In the present case, however, the judge suspended the imposition of defendant's sentence and placed him on probation for two years. As part of his probation, the orders require defendant to spend 90 days in the county jail, * * *.
>
> "* * * * *
>
> "* * * Probation is an alternative to the imposition of a sentence. ORS 137.010. This defendant has not received a

---

"When the judgment is imprisonment in the county jail or a fine and that the defendant be imprisoned until it is paid, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

[5] ORS 137.520(3) provides:

"The sheriff of a county in which a defendant is confined in the county jail by sentence or as a condition of probation may allow the release of the defendant upon pass, furlough, leave, work or educational release unless otherwise ordered by the committing magistrate."

[6] *State v. McClure, supra,* was decided after the sheriff filed his appellant's brief. We address the issues raised by defendant only because he urges slightly different arguments in his brief.

sentence of imprisonment, and the statutes mandating credit for pretrial confinement do not apply." 295 Or at 735-36.

■    In accordance with *McClure,* we hold the trial court erred in ordering the sheriff to recalculate plaintiff's release date, giving him credit for the 84 days served after his arrest and before judgment.

At trial plaintiff also urged that ORS 169.110[7] requires that he be given good time credit earned during the period of detention that preceded the trial court's disposition and that the credit be applied against a term of confinement imposed as a condition of probation. The trial court agreed and ordered the sheriff to recalculate plaintiff's release date accordingly.[8] On appeal the sheriff argues that the language of ORS 169.110 provides that the good time credit applies only to confinement "in execution of the judgment or sentence" and requires the calculation of the good time credit commence "on the first day of his arrival at the facility to serve his sentence." He urges that this language excludes credit for any predetermination detention period. Plaintiff, on the other hand, argues that the plain meaning of the phrase "the first day of his arrival" requires plaintiff be given good time credit commencing on the date of his arrest, August 17, 1982.

■    The language of ORS 169.110 is clear. It states that any deduction for good time credit shall be calculated to

---

[7] That statute provides, in part:

"Each prisoner convicted of any offense against the laws of this state, who is confined, in execution of the judgment or sentence upon any such conviction, including confinement imposed as a condition of probation pursuant to ORS 137.540, in any county local correctional facility in this state for a definite term, whose record of conduct shows that he has faithfully observed all the rules of the facility, shall be entitled, in the discretion of the sheriff or other officer having custody of such prisoner, to a deduction from the term of his sentence to be calculated as follows, commencing on the first day of his arrival at the facility to serve his sentence:

"* * * * *

"(5) Upon a sentence of more than 270 days, six days for each 30-day period."

[8] The trial court ordered that plaintiff be given both 84 days determination credit under ORS 137.320(4) and determination good time credit under ORS 169.110. Accordingly, his release date was moved from August 28, 1983, to June 1, 1983, a total of 89 days. Although the record is not entirely clear, we assume the extra five days (89 minus 84) credit was given as good time credit accrued between arrest and trial court disposition.

commence on the first day of a defendant's arrival at the facility to serve his sentence. It means the first day a defendant arrives at a facility to serve a period of confinement imposed *after judgment,* not after arrest. Therefore, we hold that the trial court also erred in holding that ORS 169.110 requires a defendant to be given good time credit during prejudgment detention when a defendant is ultimately confined as a condition of probation. Plaintiff was not entitled to the additional five days good time credit.

Plaintiff concedes that *McClure* holds as a matter of statutory construction that, because confinement ordered as a condition of probation is not a "sentence," a person so confined is unable to avail himself of the statutory credit for pretrial incarceration time under ORS 137.320(4). However, he urges that the failure to grant him credit for his pretrial incarceration is a violation of equal protection under Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment of the United States Constitution. The defendant in *McClure* also raised an equal protection argument. The Oregon Supreme Court found no merit in McClure's argument and declined to address the equal protection argument. However, the court stated:

> "* * * [I]f the combination of the pretrial confinement time and the confinement time served as a condition of probation exceeded the statutory maximum, a constitutional problem might arise. * * *" 295 Or at 737.

Plaintiff argues that this court is presented with such a case and should address the constitutional issue, because he could potentially serve a disproportionate sentence should his leave from confinement be revoked. He does not explain how that could occur. It is not a function of this court to decide hypothetical questions or to decide constitutional issues before there is a need to do so. *Granata v. Tanzer,* 31 Or App 21, 569 P2d 1090 (1977). The record reflects that plaintiff was released from confinement on April 29, 1983. The record does not indicate that plaintiff's probationary leave has been revoked. Because the facts before us do not present a case in which plaintiff's confinement time served as a condition of probation will exceed the statutory maximum to which he may be confined, no constitutional problem has arisen and we need

not address the equal protection issue. *See State v. McClure, supra,* 295 Or at 737.

Reversed and remanded for further proceedings not inconsistent with this opinion.