On respondents' motion to dismiss and motion to strike filed July 31, and August 25, respectively, motion to dismiss denied and motion to strike affidavit allowed September 5, 1990

## Harriet P. MERRICK,
*Petitioner,*

*v.*

## BOARD OF HIGHER EDUCATION
and State of Oregon,
*Respondents.*

### (CA A60997)

797 P2d 388

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem, for motions.

Charles F. Hinkle, Edward J. Reeves, Glenn J. Hovemann and Stoel Rives Boley Jones & Grey, Portland, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

NEWMAN, J.

Edmonds, J., concurring in part; dissenting in part.

## NEWMAN, J.

In this ORS 183.400[1] proceeding, petitioner asks us to determine the validity of OAR 580-22-050, OAR 580-15-010 and OAR 580-15-065 (the "rules"),[2] which the Board of

---

[1] ORS 183.400 provides:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures.

"(5) In the case of disputed allegations of irregularities in procedure which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact. The court's review of the Master's findings of fact shall be de novo on the evidence.

"(6) The court shall not declare a rule invalid solely because it was adopted without compliance with applicable rulemaking procedures after a period of two years after the date the rule was filed in the office of the Secretary of State, if the agency attempted to comply with those procedures and its failure to do so did not substantially prejudice the interests of the parties."

[2] OAR 580-22-050 provides:

"No institution or division shall discriminate in employment based on race, color, religion, national origin, handicap, age, marital status, sex or sexual orientation."

OAR 580-15-010 provides:

"As used in rules 580-15-010 to 580-15-160, 'discrimination' means any act that either in form or operation, and whether intended or unintended, unreasonably differentiates among persons on the basis of age, handicap, national origin, race, marital status, religion, sex or sexual orientation."

OAR 580-15-065 provides:

"(1) Institutions and divisions shall assure that nondiscriminatory policies are followed in student employment. Discrimination grievances arising out of student employment shall be addressed using the procedures required by or

Higher Education ("Board") promulgated pursuant to ORS 351.070(2)(b).[3] Respondents move to dismiss the petition on the grounds that (1) we do not have jurisdiction over a petition to confirm the *validity* of administrative rules and (2) there is no justiciable controversy. We deny the motion to dismiss.

Taking as true the facts that petitioner pleads, she is a lesbian whom the Board employs as a National Student Loan Manpower Assistant; in that capacity, she supervises other state employees and student employees. The Board is a state agency, appoints all employees at state higher educational facilities, determines their compensation and tenure and has general statutory authority, under ORS 351.070(2)(b), to adopt rules for the governance of those facilities and employees. The rules, each of which was effective no later than March 16, 1988, provide, among other things, that no institution or division under the Board's governance may discriminate in employment on the basis of "sexual orientation." Petitioner alleges that the Board did not exceed its statutory authority when it adopted the rules and that it followed all applicable rulemaking procedures.

At the November 8, 1988 general election, the people adopted Ballot Measure 8, effective December 8, 1988, now codified as ORS 236.380. Section 2 of the measure provides:

"No state official shall forbid the taking of any personnel action against any state employee based on the sexual orientation of such employee."

Petitioner alleges that the rules and the measure impose inconsistent and mutually exclusive requirements on

---

described in OAR 580-15-015 and 580-15-090 through 155.

"(2) Institutions and divisions shall not assist prospective employers or agencies known by them to discriminate on a prohibited basis in their recruitment, hiring, or employment practices. Placement officers and other Department personnel who assist in the recruiting and hiring of students shall take steps to inform prospective employers of the requirements of nondiscrimination under the law."

[3] ORS 351.070(2)(b) provides:

"(2) Subject to such delegation as the state board may decide to make to the institutions, divisions and departments under its control, the State Board of Higher Education, for each institution, division and department under its control, shall:

"* * * * *

"(b) Adopt rules and bylaws for the government thereof, including the faculty, teachers, students and employees therein."

her as a supervisor of state employees. She also alleges that the uncertainty as to whether her own activities as a lesbian expose her to adverse employment action under the measure chills her freedom of expression and association and adversely affects her employment interest. She asks us to review the rules and the effect of the measure on the statutory provision that authorizes them. She asserts that (1) the rules are valid in the face of Measure 8 and (2) the measure is invalid. She also asserts that she is entitled to a court determination that the rules are valid and that that requires a declaration that the measure violates Article I, sections 8 and 20, of the Oregon Constitution and the First Amendment.

Respondents' motion asserts that ORS 183.400 "contemplates only challenges to the validity of agency rules," that petitioner actually seeks to test the constitutionality of Measure 8, that ORS 183.400 cannot be used to strike down legislation in the name of validating rules and that the remedy for petitioner's uncertainty is a petition for a declaratory ruling under ORS 183.410.[4] The motion also asserts that the Board has not withdrawn or changed the rules and that the Board is bound by them until they are repealed, amended or disavowed through appropriate legal procedures. It argues that this is a nonadversarial proceeding, because the Board has not disavowed the rules and the state has not taken a position on the validity of the rules or the constitutionality of the measure. Accordingly, respondents argue that petitioner seeks only an advisory opinion and that there is not a "justiciable controversy."

■ Under ORS 183.400(1), we have jurisdiction to determine the *validity* of the rules. That statute unambiguously provides:

"The validity of any rule may be determined upon a petition * * * to the Court of Appeals * * *. The court shall have jurisdiction to review the validity of the rule * * *."

Petitioner seeks a declaration that the rules, insofar as they

---

[4] ORS 183.410 states, in pertinent part:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court."

relate to discrimination on the basis of sexual orientation, are valid, notwithstanding the specific provisions of Measure 8. Although petitioner has the option under ORS 183.410 to seek a discretionary ruling from the Board as to the applicability of the rules, she need not exercise that option. ORS 183.400 permits her to seek a court ruling without exhausting any other remedy. Moreover, her request that we confirm the validity of the rules necessarily puts before us the question whether the rules are invalid. Under ORS 183.400, it is not determinative, therefore, that the petition asks us to confirm the validity of the rules rather than to declare them invalid.

In determining the validity of the rules, we may examine "the statutory provisions authorizing" them. ORS 183.400(3)(b). When we examine ORS 351.070(2)(b), we must also examine Measure 8 and consider whether the provisions of the measure affect the authority of the Board to continue to apply the rules. Measure 8 may contradict the rules and repeal by implication the statutory authority in ORS 351.070(2)(b), on which the rules are based, insofar as they prohibit discrimination on the basis of sexual orientation.

■ The petition also presents a justiciable controversy. Measure 8 is presumptively constitutional and valid, and appears on its face to limit and negate ORS 351.070(2)(b) and the rules, insofar as they apply to discrimination based on sexual orientation. Respondents cannot avoid justiciability by their response that they take no position with respect to the possible conflict between the measure, on the one hand, and ORS 351.070(2)(b) and the rules, on the other hand. By declining to take a position in respect to the effect of Measure 8, respondents must be said to accept its presumed constitutionality and validity and to have concluded that there is no conflict between the rules and the measure. Respondents therefore have placed themselves in a position inconsistent with and adverse to petitioner's position that there is a conflict between the rules and the measure and that the rules are valid and the measure is not. There is a justiciable controversy.

*Oregon Medical Association v. Rawls*, 281 Or 293, 574 P2d 1103 (1978), is distinguishable. There the plaintiff sued the Insurance Commissioner to test the constitutionality of a plan for physicians to protect themselves against malpractice

liability. The statute authorizing the action stated that jurisdiction shall be acquired pursuant to the Declaratory Judgment Act and "a justiciable controversy ripe for determination shall be deemed to exist in the event the complaint is filed." 281 Or at 296. The plaintiff sought a declaration that the law was constitutional. The Supreme Court held that the proceeding was not within the "judicial power of the state." 281 Or at 296. It stated that no justiciable controversy existed because of a lack of "adversity." Contrary to the circumstances here, no party, either expressly or implicitly, took a position inconsistent with that of the plaintiff.

A determination in this proceeding would not be an adjudication of constitutionality "in the abstract," as it would have been in *Rawls*. Petitioner pleads that she is responsible for enforcing the rules and is at the same time bound by Measure 8 and that she is in a contradictory position that affects her employment, speech and associations. Furthermore, a declaration of this court that determines whether the Board's rules are valid in the light of Measure 8 will bind petitioner and respondents and not be merely advisory. *See Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982).[5]

■    Respondents have also moved to strike an affidavit that described a telephone conversation between one of petitioner's attorneys and the Compliance Officer and Director of

---

[5] We have concluded that the position of the parties is adverse and that a justiciable controversy exists. We emphasize, however, that we assume, but do not decide, that those are jurisdictional requirements for a proceeding under ORS 183.400. The "justiciable controversy" cases discussed in our opinion and in that of the dissent are, in the main, declaratory judgment actions, in which the question was whether the proceedings could be adjudicated consistently with the limits on judicial power under Article VII, section 1 (amended). The justiciable controversy analysis in that context may not be wholly applicable to proceedings under the Administrative Procedures Act. In particular, we note that none of the cases that we cite, or on which the dissent relies, are proceedings under ORS 183.400.

Even assuming, however, that a justiciable controversy requirement similar to that required in declaratory judgment actions is applicable here, it is also open to doubt whether there must be an adversarial relationship between the parties for a rule challenge under ORS 183.400 to be justiciable. For example, in the usual situation, where the petitioner contends that the rule is *invalid*, the fact that the agency promulgated the rule may be sufficient to imply an adverse interest, regardless of whether the agency chooses to appear in the proceeding and defend the rule. Although we conclude that there is here an adverse relationship between the parties, it may be that that is not a necessary requirement for a justiciable controversy to exist in a proceeding under ORS 183.400.

Legal Services for the Board. The affidavit is irrelevant to the exercise of our power under ORS 183.400(3), and we strike it.

Motion to dismiss denied; motion to strike affidavit allowed.

**EDMONDS, J.,** concurring in part; dissenting in part.

Under ORS 183.400, petitioner asks us to declare OAR 580-22-050, OAR 580-15-010 and OAR 580-15-065 constitutional and Ballot Measure 8 unconstitutional. Respondents take no position other than to argue that no justiciable controversy is presented.

The majority holds that the petition presents a justiciable controversy because Measure 8 on its face conflicts with the rules.[1] The majority states:

"Respondents cannot avoid justiciability by their response that they take no position with respect to the facial conflict * * *. By declining to take a position in respect to the effect of Measure 8, respondents must be said to accept its presumed constitutionality and validity and to have concluded that there is no conflict between the rules and the measure. Respondents therefore have placed themselves in a position inconsistent with and adverse to petitioner's position that there is a conflict between the rules and the measure and that the rules are valid and the measure is not. The requirement of a justiciable controversy is met." 103 Or App at 333.

Respondents' failure to take a position adverse to petitioner raises the question of whether the petition properly invokes our jurisdiction under Article VII, section 1 (amended), of the Oregon Constitution. I would hold that ORS 183.400 contemplates that a justiciable controversy is a prerequisite to jurisdiction and that we have no jurisdiction under the circumstances of this petition because of the lack of a justiciable controversy.

Ordinarily, in order for a justiciable controversy to exist, there must be a claim of right asserted against one who has an interest in contesting it, the controversy must be

---

[1] The majority states that it assumes that there is a jurisdictional requirement of a justiciable controversy in a proceeding under ORS 183.400, but also suggests that a justiciable controversy may not be required. 103 Or App at 334, n 5.

between persons whose interests are adverse, the party seeking relief must have a legal interest in the controversy and the issue involved in the controversy must be ripe for judicial determination. *Oregon Cry. Mfgs. Ass'n v. White,* 150 Or 99, 107-108, 78 P2d 572 (1938). Because petitioner is proceeding under ORS 183.400, the threshold issue is whether it requires a justiciable controversy.

On at least one occasion, the legislature has circumscribed what will constitute a justiciable controversy within a statutory scheme. In *Hart v. Paulus,* 296 Or 352, 676 P2d 1384 (1984), the petitioners challenged the validity of the process by which certain constitutional amendments were referred to the people through a statutory proceeding specially prescribed by the legislature. The court noted:

> "In other cases we have held that the legislature cannot expand the 'judicial power' under Article VII, section 1, to engage the courts in a 'judicial examination' of the validity of laws in a vacuum. *See Oregon Medical Association v. Rawls,* 281 Or 293, 574 P2d 1103 (1978); *Oregon Medical Association v. Rawls,* 276 Or 1101, 557 P2d 664 (1976). In this state the legislature cannot direct the courts to render a purely advisory opinion. It can provide for a declaratory judgment unaccompanied by any other relief." 296 Or at 357.

The court held that, because the legislature specifically provided that any person could commence proceedings as to the constitutionality of the special legislation, the issue raised by the petitioners presented a justiciable issue and they were not just asking for an advisory opinion. In arriving at that conclusion, the court said:

> "The parties' opposing positions on the constitutionality of Paragraph 3 of SJR 30 (first special session) have been briefed and vigorously argued. This is very different from the two proceedings between the *Oregon Medical Association* and *Rawls,* cited above, in which the medical association wanted a declaration that a statute was constitutional against any hypothetical attack and respondent, the state insurance commissioner, agreed with that view." 296 Or at 357.

There is a colorable conflict between the administrative rules and Ballot Measure 8. However, that is not enough in itself to constitute a justiciable controversy, if one is

required, because a justiciable controversy also requires parties who have adverse interests. It is that element that distinguished *Hart v. Paulus, supra,* from *Oregon Medical Association v. Rawls, supra.* The majority creates that element in this case by a legal fiction. It imputes to respondents a posture that is implied from their taking no position on the issue when it holds that respondents' neutrality constitutes an acceptance that Measure 8 is constitutional and its acceptance means that respondents' interest is adverse to petitioner's. Put another way, the majority posits that respondents' lack of a position creates an adversity of interest regarding the purported conflict between the rules and Measure 8.

Therefore, if a justiciable controversy is required in a proceeding under ORS 183.400, the majority's attempt to manufacture one is unsuccessful. However, *Hart v. Paulus, supra,* implies that no justiciable controversy is required if all that is sought is declaratory relief. The relief authorized by ORS 183.400 is solely declaratory. *See Burke v. Children's Services Division,* 288 Or 533, 543, 607 P2d 141 (1980). It provides that the validity of any rule may be determined on a petition of any person. The relief available is defined by ORS 183.400(4):

"The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

Thus, by definition, ORS 183.400 contemplates that there will always be adversity of interests, because a petitioner should be seeking only a declaration that the rule is invalid and the agency who promulgates the rule will defend its validity. Whatever the rule of law may be in general regarding a justiciable controversy when only declaratory relief is sought, it is clear that, when it enacted ORS 183.400, the legislature contemplated that a justiciable controversy would exist.

However, that requirement is frustrated by the relief that this petitioner requests. Her petition is that we declare the rule *valid,* and respondents understandably do not contest

that declaration. The real fight is not over the validity of respondents' rules, but over the constitutionality of Measure 8. Respondents say, "That is not our fight." The majority holds that ORS 183.400 is a vehicle by which the determination of the constitutionality of Measure 8 can be litigated. By allowing petitioner to use ORS 183.400 in that manner, it runs headlong into the principle of the justiciable controversy jurisdictional requirement, because there is no party in this proceeding defending the constitutionality of Measure 8.

Measure 8 is the product of the legislative branch of government of our state. The initiative and referendum powers reserved to the people make them a co-ordinate legislative body with the legislature. *Straw v. Harris,* 54 Or 424, 430, 103 P 777 (1909). This court is asked to declare, without adversity of parties, that the legislative branch of government exceeded its power by passing a law in violation of the constitution. "No court should declare an act unconstitutional unless it is necessary to do so." *Oregon Cry. Mfgs. Ass'n v. White, supra,* 159 Or at 109. Our first obligation is to determine whether the measure may be given a valid interpretation within constitutional bounds. *Oregon Medical Association v. Rawls, supra,* 281 Or at 298-300. By entertaining this challenge, the majority will require us to conduct our own inquiry without the benefit of advocacy for a position adverse to petitioner. That inquiry will necessitate a departure from settled law by requiring us to speculate about hypothetical interpretations of both the rules and the measure.[2]

No controversy exists between adverse parties. Petitioner does not contend that respondents are taking any action that violates her constitutional rights. Under similar circumstances, the Supreme Court said:

"The mere existence of a statute purporting to authorize the Director, under certain conditions, to promulgate and enforce rules and regulations establishing marketing standards as set forth in the act, does not of itself create a justiciable controversy. It will be time enough for plaintiffs to complain when the Director exercises any authority purported to be vested in him by the act. Neither does mere difference of opinion as to

---

[2] *See Tillamook Co. v. State Board of Forestry,* 302 Or 404, 413, 730 P2d 1214 (1986); *Hart v. Paulus, supra,* 296 Or at 357; *Oregon Medical Association v. Rawls, supra,* 281 Or at 300; *Oregon Medical Assn. v. Rawls, supra,* at 1110.

the constitutionality of the act afford adequate ground for invoking a judicial declaration having the effect of an adjudication: * * *. The claim of plaintiffs for relief - in its ultimate analysis - is that they fear the Director might promulgate and enforce some regulation or rule which might affect their business. It may be that this legislation tends towards uncertainty and confusion in the operation of the business in which plaintiffs are engaged, but that criticism might apply to various legislative enactments. Courts, however, insist upon an actual controversy - not a mere difference of opinion concerning the validity of a statute - before jurisdiction will be assumed under the declaratory judgment act." *Oregon Cry. Mfgs. Ass'n v. White, supra,* 159 Or at 110. (Citation omitted.)

In summary, the majority would allow petitioner to proceed under ORS 183.400 to determine the validity of rules that no party contends are invalid, thereby subverting a statutory requirement for a justiciable controversy. Thereafter, we will decide that purported controversy in a vacuum, even though it is not ripe for decision.

Although I concur in the majority's holding that strikes the affidavit, I dissent from the majority's holding that denies respondent's motion to dismiss.