On respondents' motion to dismiss filed July 10, 1991, motion to dismiss denied
February 12, 1992

Harriet P. MERRICK,
*Petitioner,*

*v.*

BOARD OF HIGHER EDUCATION
and State of Oregon,
*Respondents.*

(CA A60997)

823 P2d 1044

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem, for the motion.

Charles F. Hinkle, Edward J. Reeves, Glenn J. Hovemann and Stoel Rives Boley Jones & Grey, Portland, *contra.*

Before Rossman, Presiding Judge, and Edmonds and Riggs, Judges.

PER CURIAM

Edmonds, J., dissenting.

## PER CURIAM

The question in this case has already been answered by *Merrick v. Board of Higher Education*, 103 Or App 328, 797 P2d 388 (1990).

Motion to dismiss denied.

## EDMONDS, J., dissenting.

In *Merrick v. Board of Higher Education*, 103 Or App 328, 797 P2d 388 (1990) (*Merrick I*), petitioner asked us to determine that OAR 580-22-050, OAR 580-15-010 and OAR 580-15-065[1] (the rules) were constitutional and that Ballot Measure 8, effective December 8, 1988, now codified as ORS 236.380(2),[2] was unconstitutional. Respondents moved to dismiss on the grounds that we did not have authority under ORS 183.400 to grant the relief requested and that there was no justiciable controversy, because they had taken no position regarding the facial conflict between the rules and the statute. The majority denied the motion. I dissented. 103 Or App at 335.

---

[1] OAR 580-22-050 provides:

"No institution or division shall discriminate in employment based on race, color, religion, national origin, handicap, age, marital status, sex or sexual orientation."

OAR 580-15-010 provides:

"As used in rules 580-15-010 to 580-15-160, 'discrimination' means any act that either in form or operation, and whether intended or unintended, unreasonably differentiates among persons on the basis of age, handicap, national origin, race, marital status, religion, sex or sexual orientation."

OAR 580-15-065 provides:

"(1) Institutions and divisions shall assure that nondiscriminatory policies are followed in student employment. Discrimination grievances arising out of student employment shall be addressed using the procedures required by or described in OAR 580-15-015 and 580-15-090 through 155.

"(2) Institutions and divisions shall not assist prospective employers or agencies known by them to discriminate on a prohibited basis in their recruitment, hiring, or employment practices. Placement officers and other Department personnel who assist in the recruiting and hiring of students shall take steps to inform prospective employers of the requirements of nondiscrimination under the law."

[2] ORS 236.380(2) provides:

"No state official shall forbid the taking of any personnel action against any state employee based on the sexual orientation of such employee."

After our decision, the Board amended the rules. As first amended, they provided:

"Nothing in this section shall create rights or require actions inconsistent with state statutes, including, but not limited to, ORS 236.380."

After the amendment, petitioner filed an amended petition for judicial review, seeking a declaration that the amendment was invalid and that the original rules were valid. Respondents then amended the rules a second time to return them to their original form. However, now respondents affirmatively take the position that the rules are constitutional and, because of the change in their position about the constitutionality of the rules, again move to dismiss on the basis of the lack of a justiciable controversy. Contrary to the majority's assertion that the issue was resolved by our earlier opinion, the change in position by respondents requires a new analysis under ORS 183.400.

In *Merrick I*, the majority assumed that a justiciable controversy was required in order to proceed under ORS 183.400, but also suggested that a controversy might not be required. 103 Or App at 334 n 5.

ORS 183.400 provides, in part:

"(1) *The validity of any rule* may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review *the validity of the rule* whether or not the petitioner has first requested the agency to pass upon *the validity of the rule* in question, but not when the petitioner is a party to an order or a contested case in which the *validity of the rule* may be determined by a court.

"(2) *The validity of any applicable rule* may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) *The court shall declare the rule invalid* only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures." (Emphasis supplied.)

It is clearly expressed in the statute that the validity of *the rule* must be at issue.

In *Merrick I*, the majority held that, under ORS 183.400, "we have jurisdiction to determine the *validity* of the rules" and that "[t]he petition also presents a justiciable controversy." 103 Or App at 332-33. (Emphasis in original.) Those holdings imply that there was a disagreement about the validity of the rules because respondents had refused to take a position on their validity. If there was a disagreement over the validity of the rules, the petition for review was cognizable under ORS 183.400.

Petitioner still argues that the rules are valid and, now, respondents agree. There no longer is a justiciable controversy about the validity of the rules. The ultimate question that petitioner wants decided here is whether ORS 236.380 is constitutional. The problem with that is that, under ORS 183.400, we only reach the consideration of statutory provisions *if* the validity of the rules is at issue. Moreover, this case is no longer distinguishable from *Oregon Medical Association v. Rawls*, 281 Or 293, 574 P2d 1103 (1978), in which the court held that, in an action to declare a medical malpractice statute constitutional, there was no justiciable controversy when both parties agreed that the statute was constitutional.[3] In *Merrick I*, the majority said that *Rawls* was distinguishable because, "[c]ontrary to the circumstances here, no party, either expressly or implicitly, took a position inconsistent with that of the plaintiff." 103 Or App at 334. Under the current posture of the case, no party takes a

---

[3] In *Rawls*, the court said:

"But we reject the view that public importance can make a nonjusticiable case justiciable. * * * [Judicial power] does not extend to quiet anyone's title to the constitutional validity of a statute against the world at large." 281 Or at 302.

position inconsistent with that of petitioner with regard to the validity of the rules.

In sum, petitioner is attempting to circumvent the requirement that there be a justiciable controversy. Even under ORS chapter 28, in order for a court to entertain an action for declaratory relief about the constitutionality of a statute, the controversy must involve present facts, as opposed to a dispute that is based on future hypothetical events. *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982). In the light of respondents' agreement with petitioner that the rules are valid, an implication that a controversy exists is no longer appropriate. The majority is now apparently saying that relief is available under ORS 183.400, even though there is no dispute about the validity of the rules. That is wrong. Nothing on the face of ORS 183.400 contemplates that a challenge can be made to the constitutionality of a statute when there is no controversy about the validity of an administrative rule.

I dissent.