Argued and submitted March 16, reversed in part and remanded with instructions
May 25, 1994

## Janet BOYTANO,
*Appellant,*

*v.*

## Elisa FRITZ,
Election Officer of
the City of Klamath Falls,
*Respondent.*

(93-500CV; CA A80515)

875 P2d 476

Janet Boytano argued the cause *pro se*. With her on the brief was Phil Studenberg.

Jeffrey D. Ball, City Attorney, waived appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff, a resident of the City of Klamath Falls (city) and a registered voter, brought this declaratory judgment action seeking to enjoin defendant, city's elections officer, from placing on the ballot an initiative measure proposing to amend the city charter and challenging the ballot title. The Klamath County Circuit Court issued a judgment certifying the ballot title of the initiative and holding that the measure is a proper subject for the ballot. Plaintiff assigns error to that part of the court's decision holding that the measure is a proper subject for the ballot and that it is legally sufficient.[1] Because we conclude that the appeal does not present a justiciable controversy, we do not reach the merits of the appeal.

The initiative measure would add to the city charter provisions prohibiting the adoption of any law extending "minority status, affirmative action, quotas, special class status, or any similar concept" to homosexual persons. Plaintiff contends that the measure, if enacted, would violate Oregon Laws 1993, chapter 556 (HB 3500). Section 1 of that act provides:

> "(1)  A political subdivision of the state may not enact or enforce any charter provision, ordinance, resolution or policy granting special rights, privileges or treatment to any citizen or group of citizens on account of sexual orientation, or enact or enforce any charter provision, ordinance, resolution or policy that singles out citizens or groups of citizens on account of sexual orientation.

> "(2)  Any person who believes that a political subdivision has enacted or is enforcing a charter provision, ordinance, resolution or policy in violation of this section may bring an action in circuit court to have the charter provision, ordinance, resolution or policy declared invalid, for injunctive relief and for such other relief as the court may consider appropriate. The court shall award reasonable attorney fees and costs to a plaintiff who prevails in an action under this section."

We do not reach the issue whether the initiative measure, if it were enacted and took effect, would be contrary to HB 3500.

---

[1] The correctness of the trial court's ruling on the ballot title is not before us.

At this writing, the sponsors of the measure have yet to collect the number of signatures required to place the measure on the ballot. The question is whether the complaint states an actual controversy that is justiciable.

To be justiciable, rather than hypothetical or abstract,

> " 'the controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interest. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " (Citations omitted.)

*Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965), *quoting Portland Web Pressmen's Union v. Oregonian Pub. Co.*, 188 F Supp 859 (D Or 1960), *aff'd* 286 F2d 4 (9th Cir), *cert den* 366 US 912 (1961). This controversy is justiciable, plaintiff contends, because, although the correct number of signatures may never be collected, and the measure may never appear on the ballot, if the measure were enacted it would be unlawful, and plaintiff should not be forced to expend effort in trying to defeat it. Plaintiff contends that she and others who oppose the measure have been harmed by its divisive consequences and will continue to be harmed, so long as the initiative process is permitted to further the purposes of the measure's sponsors.

The argument does not state a reason for concluding on these facts that there is a justiciable controversy between plaintiff and *this* defendant. As the elections officer, defendant's duty in the context of this initiative process would be to determine whether the measure should be placed on the ballot, should the appropriate number of signatures be collected. There is no indication that the measure will ever qualify for the ballot. The record does not even show whether the sponsors of the initiative measure are still pursing it. A declaration by this court that the matter may not be placed on the ballot should the appropriate number of signatures be collected would be hypothetical only.

Additionally, defendant has no control over the initiative process itself. A declaration by this court that the measure is not appropriate for the initiative process would be

binding on no one and would be merely advisory. We conclude, for these reasons, that the controversy is not justiciable. *Brown v. Oregon State Bar,* 293 Or 446, 648 P2d 1289 (1982).

Reversed in part and remanded with instructions to dismiss that portion of the second amended petition seeking declaratory ruling as to whether initiative measure is legally sufficient to be placed on the ballot.