Submitted February 1, affirmed August 7, 2013

David Alan GREENE,
*Plaintiff-Appellant,*

*v.*

HOMESALES, INC., OF DELAWARE;
Northwest Trustee Services, Inc.;
JPMorgan Chase Bank, N.A.;
Chase Home Finance, LLC;
*Defendants-Respondents,*
*and*

FIRST AMERICAN TITLE,
*Defendant.*

Josephine County Circuit Court
10CV0551; A151026

308 P3d 279

David A. Green filed the briefs *pro se.*

Michael J. Farrell and Martin, Bischoff, Templeton, Langslet & Hoffman, LLC, filed the brief for respondents Homesales, Inc., JPMorgan Chase Bank, N.A., and Chase Home Finance, LLC.

Teresa M. Shill and Routh Crabtree Olsen, P.C., filed the brief for respondent Northwest Trustee Services, Inc.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

This dispute relates to interests that the parties may have in certain real property located in Josephine County—property that, according to plaintiff's pleadings, is or was his home, and from which one or more of the defendants sought to have him evicted. After giving plaintiff several opportunities to adequately plead his claims for declaratory and injunctive relief against defendants, the trial court granted summary judgment to defendants and entered two limited judgments dismissing plaintiff's claims against them. On plaintiff's appeal from those two limited judgments, we affirm.

The significant facts on appeal are procedural and undisputed. In his first amended petition for declaratory judgment and injunctive relief, plaintiff alleged that defendants—JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, and Homesales, Inc., of Delaware (collectively, "the Chase defendants") and Northwest Trustee Services, Inc. (NWTS)[1]—were "named on the Note, Deed of Trust, Trustee's Deed, and other documents" pertaining to the property. In association with various pleadings, plaintiff submitted a copy of the pertinent note and trust deed showing that JPMorgan Chase Bank, N.A., had loaned him $234,000, secured by a trust deed on the real property at issue.

After defendants filed motions under ORCP 21, the trial court allowed plaintiff to replead, resulting in the filing of a pleading titled "second amended petition for declaratory judgment and injunctive relief; constructive trust; expunge mortgage." (Capitalization modified.)[2] In that petition, plaintiff alleged that Homesales was a necessary party because it had represented itself as the purchaser and present owner of the property; he alleged that the other defendants had "each played a part" in the foreclosure proceedings that he claimed were "wrongful." Most specifically, plaintiff alleged that JPMorgan Chase Bank, N.A., was "the 'Lender' on the

---

[1] An additional defendant, First American Title, is not a party to this appeal, because plaintiff did not timely serve that defendant's attorney with a copy of the notice of appeal. Accordingly, we use the term "defendants" in this opinion to refer only to NWTS and the Chase defendants.

[2] We refer to that pleading as plaintiff's second amended complaint.

Note" and "may have transferred the Note without notice" to plaintiff. Plaintiff sought a declaration of his rights under the "Note and Deed of Trust material to this case" and any other agreements or contracts that defendants might rely upon, and notice as to which parties might "qualify as real parties in interest to the Note and Deeds of Trust. * * *" Plaintiff also sought equitable relief, including a judgment "expunging the mortgage and quieting the title to [his] home. * * *"

NWTS and the Chase defendants all filed answers that included the affirmative defense of failure to allege facts stating a claim for relief. Those defendants acknowledged in their answers that JPMorgan Chase Bank, N.A., was the lender on the note, and Homesales admitted in its answer that it was the present owner of the property.

NWTS subsequently moved for judgment on the pleadings or, alternatively, for summary judgment. In that motion, NWTS argued, among other things, that plaintiff's complaint did not describe a justiciable controversy because it did not "allege acts of wrongdoing by NWTS," "show an actual and substantial controversy between Plaintiff and NWTS," or show that plaintiff and NWTS had adverse interests. In addition, and in support of its alternative motion for summary judgment, NWTS submitted evidence that plaintiff had secured payment of the note with the property by granting a trust deed to JPMorgan Chase Bank, N.A.; JPMorgan Chase Bank, N.A. later assigned the beneficial interest in the deed of trust to Chase Home Finance, LLC, (and that assignment was recorded); Chase Home Finance appointed NWTS as successor trustee to the deed of trust (and that assignment was recorded); and, when plaintiff defaulted on the loan, NWTS gave plaintiff notice of its intent to sell the property, and foreclosure culminated in sale of the property to Homesales in March 2008.

The Chase defendants also moved for summary judgment, arguing that "there [was] no evidence that the foreclosure of Plaintiff's home was wrongful" and adopting the factual assertions and evidence that NWTS had submitted in support of its own motions. The Chase defendants asserted that plaintiff had made only one claim against

any defendant in the case, *i.e.*, that JPMorgan Chase Bank, N.A., might have transferred the note without giving him notice. That assertion could not form a basis for relief, they argued, because no Oregon law entitled plaintiff to notice that an interest in the note was being transferred.

Plaintiff opposed the defense motions, asserting that the "real question" was "where's the note and who was the note holder at the time of foreclosure." "Without that being clearly revealed and declared," plaintiff argued, "there was no default and therefore no lawful foreclosure." Plaintiff did not offer any evidence that the note had been transferred to another party, nor any argument tending to establish that any such transfer would have been unlawful. Nonetheless, he argued that he was entitled to a judgment declaring the parties' rights.

After a July 2011 hearing, the trial court signed an order granting summary judgment to NWTS. On August 2, 2011, the court entered a limited judgment dismissing plaintiff's claims against NWTS.[3] Plaintiff then filed a third amended complaint, largely raising the same claims he had before; as a basis for doing so, plaintiff purported to rely on an oral July 5 order by the trial court allowing him to replead.[4] In addition, plaintiff requested a declaration of his "rights and status under ORS 86.770, and the Constitutionality thereof."[5] Plaintiff did not explain what significance ORS 86.770 had to his situation.

---

[3] Plaintiff timely appealed that limited judgment. This court dismissed the appeal for lack of prosecution.

[4] Plaintiff captioned that document a "third amended petition for declaratory judgment and injunctive relief; constructive trust; expunge mortgage." (Capitalization modified.) We refer to that pleading as plaintiff's third amended complaint.

[5] ORS 86.770 provides, in part:

"(1) If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

"(2) Except in accordance with subsection (4) of this section, after a trustee's sale under ORS 86.705 to 86.795, or after a judicial foreclosure of a residential trust deed, an action for a deficiency may not be brought or a judgment entered

On September 2, 2011—and still based on what happened at the July hearing—the trial court entered an order granting summary judgment to the Chase defendants. The court entered a limited judgment dismissing plaintiff's claims against those defendants on October 20, 2011.

In November 2011, NWTS moved against the third amended complaint, noting that the court already had entered a limited judgment of dismissal of plaintiff's claims against it. NWTS argued that the allegations in the third amended complaint did not differ materially from those in the second amended complaint except for the added request for a declaration about the constitutionality of ORS 86.770 and plaintiff's rights under that statute. Accordingly, NWTS argued, plaintiff's claims "should be dismissed under the doctrine of claim preclusion" or for failure to state a justiciable controversy. In response, plaintiff again argued that he was entitled to a declaration of his rights; he did not provide a meaningful response to NWTS's preclusion argument.

The Chase defendants also moved against the third amended complaint on the ground that plaintiff's claims against them had "been fully adjudicated and dismissed on the merits" by the limited judgment entered on October 20, 2011. As in his response to NWTS's motion, plaintiff's response to the Chase defendants' motion simply reiterated his belief that he was entitled to a declaration of his rights; he did not address defendants' assertion that the earlier limited judgment in their favor put an end to the matter.

---

against the grantor, the grantor's successor in interest or another person obligated on:

"(a) The note, bond or other obligation secured by the trust deed for the property that was subject to the trustee's sale or the judicial foreclosure; or

"(b) Any other note, bond or other obligation secured by a residential trust deed for, or mortgage on, the property that was subject to the trustee's sale or the judicial foreclosure when the debt, of which the note, bond or other obligation is evidence:

"(A) Was created on the same day as, and used as part of the same purchase or repurchase transaction as, the note, bond or other obligation secured by the foreclosed residential trust deed; and

"(B) Is owed to or was originated by the beneficiary or an affiliate of the beneficiary in the residential trust deed that was subject to the trustee's sale or the foreclosure."

A hearing on defendants' motions occurred in January 2012. On February 15, 2012, the trial court entered a limited judgment dismissing the claims against NWTS in plaintiff's third amended complaint. The court granted the Chase defendants' motion to dismiss later that month and entered a limited judgment of dismissal in their favor on March 12, 2012. Plaintiff timely appealed those two limited judgments.

On appeal, plaintiff first assigns error to the trial court's dismissal of his third amended complaint. He argues that the dismissal was erroneous because "a declaratory judgment action is *not* the proper subject at a motion to dismiss, except for want of a justiciable controversy." (Emphasis in original.) Plaintiff contends that his third amended complaint "sufficiently alleged a justiciable controversy" and, therefore, could not be dismissed. Plaintiff's second assignment of error, in which he challenges the entry of judgment in defendants' favor, similarly is premised on his view that the trial court erred by dismissing his complaint instead of declaring the rights of the parties.

Defendants offer several arguments in response. All of the defendants contend that plaintiff did not plead a justiciable controversy because he sought either an explanation of his "rights regarding past actions," *i.e.*, the foreclosure, or "a declaration of his rights post-foreclosure" and, thus, "was seeking relief in regard to future events or hypothetical issues[,]" which defendants contend is insufficient to present a justiciable claim for declaratory relief. In addition, the Chase defendants assert that plaintiff's reference in the third amended complaint to ORS 86.770 was insufficient to make his declaratory-judgment action justiciable because plaintiff "presented no facts to support a declaration of his 'rights and status' as benefitted by ORS 86.770." Specifically, they contend:

"That statute prevents redemption post-foreclosure (ORS 86.770(1)), and also includes the anti-deficiency provision (ORS 86.770(2)), which precludes any lender (including Chase) from suing any borrower (including Plaintiff) for any deficiency post-foreclosure. Plaintiff did not allege facts showing any attempt to redeem the property or any attempt

by Chase to seek a deficiency judgment, so his claim is hypo-
thetical. Furthermore, Plaintiff alleges no basis for declar-
ing this statute unconstitutional."

Defendants also argue that the doctrine of claim
preclusion prohibited plaintiff from relitigating his claims
against them, insofar as they already had been resolved by
the earlier limited judgments entered in their favor after
they moved for summary judgment on plaintiff's second
amended complaint, as the third amended complaint raised
the same claims. Defendants also assert that the trial court
did not give plaintiff leave to amend his complaint after it
granted summary judgment to defendants.

Plaintiff contends in his reply brief that the trial
court did give him leave to replead at the July 2011 hearing
on defendants' summary judgment motions. He also argues
that defendants cannot properly rely on the issues having
been resolved by the limited judgments granting them sum-
mary judgment on plaintiff's second amended complaint
because, he contends, they were not entitled to summary judg-
ment. Moreover, plaintiff argues, claim-preclusion princi-
ples do not apply because "this case was never allowed to go
beyond the pleading stage." Finally, plaintiff contends that
his third amended complaint sufficiently alleged a justicia-
ble controversy between the parties.

We need not address the parties' disagreement about
whether plaintiff had leave to replead because, even if he
did, the trial court did not err when it dismissed his third
amended complaint. To the extent that plaintiff's third
amended complaint repeated the claims that he asserted in
his second amended complaint, we agree with defendants
that the entry of limited judgments in their favor on the
second amended complaint precluded plaintiff from relitigat-
ing those claims, although we view the applicable doctrine
as "law of the case," not claim preclusion. *See OEA v. Oregon
Taxpayers United*, 253 Or App 288, 302, 291 P3d 202 (2012)
("Issue preclusion applies 'when the parties to a prior action
subsequently, in a different action, again litigate issues
actually litigated and determined in the prior action.' In
contrast, the law of the case doctrine 'precludes relitigation

or reconsideration of a point of law decided at an earlier stage of the same case.'" (Citations and emphasis omitted.)). Like other preclusive doctrines, "law of the case" has the purpose "of preventing harassment by successive proceedings, preventing inconsistent adjudications, and promoting economy of resources in the adjudicative process." *Id.* at 300. The principle applies without regard to whether the earlier decisions—here, the 2011 limited judgments granting defendants summary judgment—were correct. Rather, the important points are that (1) those final, appealable judgments were entered and (2) they disposed of the same claims that plaintiff attempted to raise again in his third amended complaint (with one exception, discussed below). Thus, even if the trial court did give plaintiff leave to replead, it could only have been to assert claims that the court had not already decided against him.

Our conclusion that the trial court's dismissal of plaintiff's second amended complaint precluded plaintiff from relitigating the claims that were included in that complaint does not entirely resolve the case. Plaintiff arguably attempted to raise one new claim in his third amended complaint, *i.e.*, his contention that he was entitled to a declaration of his "rights and status under ORS 86.770, and the Constitutionality thereof." However, we agree with the Chase defendants' argument that the ORS 86.770 claim is not justiciable. Plaintiff's request to know whether the statute is constitutional is not enough, standing alone, to create a justiciable controversy between him and defendants. *Morgan v. Sisters School District #6*, 353 Or 189, 195, 301 P3d 419 (2013). Nor does plaintiff's expressed desire to ascertain his "rights and status under ORS 86.770" state a justiciable claim for declaratory relief, even when read in conjunction with the other allegations in his third amended complaint. The difficulty is that plaintiff did not plead *facts* tending to show that—through application of ORS 86.770—he has suffered, or will suffer, a cognizable injury that is "real or probable, not hypothetical or speculative." *Morgan*, 353 Or at 195. Relatedly, plaintiff did not plead facts that, if true, would establish a connection "between the rights that [he] seeks to vindicate and the relief requested." *Id.* at 197. That is, the third amended complaint did not include factual

allegations that, if proved, would show that—by operation of ORS 86.770—plaintiff was entitled to any of the practical relief he sought: establishment of a constructive trust, a "judgment expunging the mortgage and quieting the title to [the] home[,]" or other, unspecified injunctions against defendants. In other words, the complaint did not include allegations establishing a "real and substantial controversy" between the parties. *Cummings Constr. v. School Dist. No. 9*, 242 Or 106, 110, 408 P2d 80 (1965). Absent such allegations, plaintiff's request for a declaration of his rights under ORS 86.770 did not constitute a justiciable claim for declaratory relief. Accordingly, the trial court did not err when it dismissed his third amended complaint and entered judgment for defendants.

Affirmed.